# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALVARO QUEZADA,

Plaintiff,

v.

R. LINDSEY, et al.,

Defendants.

/

1:10-cv-01402-AWI-GBC (PC)

ORDER TO SHOW CAUSE REGARDING EXHAUSTION

(Doc. 1)

**I. Factual and Procedural Background**

Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 5, 2010, Plaintiff filed his original complaint. On page three of the form complaint, Plaintiff asserts that the Appeal's Coordinator has purposefully obstructed Plaintiff's ability to exhaust administrative remedies and placed Plaintiff's appeal "in limbo." (Doc. 1 at 3). Plaintiff directs the Court to attachments of the complaint to explain why his administrative remedies have not been exhausted. (Doc. 1 at 3). Attached to Plaintiff's complaint, on page 29, there is a letter dated February 6, 2009, from the Appeals Coordinator stating that Plaintiff failed to timely submit the appeal as per Rule CCR 3084.6(c). (Doc. 1 at 29).

**II. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Where a prisoner asks for accommodation for an ADA disability, the filing of the "request for accommodation form" along with completion of the appeal process thereafter satisfies PLRA exhaustion. *Butler v. Adams*, 397 F.3d 1181 (9th Cir.2005).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting

*Booth*, 532 U.S. at 739 n.5).

The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Attached to Plaintiff's complaint, is a letter dated February 6, 2009, from the Appeals Coordinator at Kern Valley State Prison which states that:

> There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or cuold not file your appeal timely.

(Doc. 1 at 29). The Supreme Court has held that the exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006). "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 ).[1]

In this instance, Plaintiff was given the opportunity to correct the error or seek reversal of the screening result after receiving the screening notice. Plaintiff does not attach any documentation that would demonstrate that he attempted to address the shortcomings highlighted in the administrative screening notice. Since Plaintiff has failed to comply with the agency's procedural requirements, Plaintiff has not properly exhausted his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90-91.

## III. Conclusion and Order

Because it appears that Plaintiff has not completed the grievance process, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for

---

[1] The Court also takes judicial notice of another case by the same Plaintiff (*Quezada v. Gricewich*, 1:06-cv-01088-OWW-GBC (PC)) wherein the Court recommended dismissal due to Plaintiff's failure to follow directions in order to properly exhaust administrative remedies. *Quezada v. Gricewich*, 1:06-cv-01088 at Doc. 68.

failure to exhaust administrative remedies withing thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated: May 2, 2011

UNITED STATES MAGISTRATE JUDGE