# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:10-cv-01402-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| R. LINDSEY, et al., | Doc. 1 |
| Defendants. / | THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On August 5, 2010, Plaintiff Alvaro Quezada ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants conspired, retaliated , and were deliberately indifferent to Plaintiff's medical needs for complaining about the unsafe workplace. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Allegations in Plaintiff's Complaint**

In Plaintiff's complaint, he names Defendants R. Lindsey, Assistant Correctional Food Manager; P. Gonzalez, Business Service manager; K. J. Doran, Lt. of Inmate Assignments, and I. Patel, M.D., who were all employed by Kern Valley State Prison ("KVSP"). Compl. at 1, 3-4, Doc. 1.

1     Defendant Lindsey was deliberately indifferent to Plaintiff's health and safety. *Id.* at 5. Prior to Plaintiff's injury, Plaintiff verbally expressed concerns to Defendant Lindsey regarding the unsafe work hazard of dry ice on the floor and damaged pallet jacks. *Id.* Defendant Lindsey responded that there were insufficient funds to repair the freezers and to be careful when unloading or loading the pallets. *Id.* On September 10, 2010, while unloading a pallet, Plaintiff's pallet jack became stuck in ice on the floor. *Id.* Plaintiff and his co-worker rocked the loaded pallet jack back and forth, which caused the pallet jack to thrust forward and Plaintiff slipped on the ice. *Id.* Plaintiff injured his lower back. *Id.*

    The following day Plaintiff received an injection for the pain. *Id.* at 6. Plaintiff was provided lay-in from September 11, 2008 through September 18, 2008 and November 12, 2008 through November 14, 2008. *Id.* On September 15, 2008, Plaintiff requested workers' compensation. *Id.* On October 20, 2008, Plaintiff and his coworkers were required to sign "Code of Safe Practices" relating to operating a pallet jack. *Id.*

    On several occasions, Plaintiff verbally informed Defendant Gonzalez of the unsafe work environment, as he was inspecting the Main Kitchen. *Id.* at 9.

    Defendant Dr. Patel was deliberately indifferent when Plaintiff repeatedly sought the proper medical treatment for his severe back pain. *Id.* at 10. Dr. Patel told Plaintiff he was faking it and just wanted to get high off the pain medication. *Id.* On August 12, 2009, Plaintiff had an MRI, which showed that his right L5 and S1 were compromised. *Id.*

    On October 18, 2008, Plaintiff's inmate appeal was granted, the freezers were repaired, and the pallet jacks were removed. *Id.* at 31. On November 24, 2008, Plaintiff filed an appeal, claiming that Defendant Lindsey's revised unloading protocol prohibited Plaintiff and his co-workers from using the pallet jacks to unload food into the freezer. *Id.* at 13. They were now required to unload food by hand and Plaintiff further injured his lower back. *Id.* This new protocol was in retaliation for Plaintiff's complaint about the unsafe work environment, which violates Plaintiff's First Amendment right to complain. *Id.*

    On December 1, 2008, Defendant Doran retaliated, conspired, and had a meeting of the minds with Sgt. Davis and CC-I Swaim against Plaintiff to unassign him from his position in the

kitchen. *Id.* at 15. Plaintiff was not provided with procedural safeguards prior to the removal of his work assignment. *Id.* Plaintiff approached Ms. Swaim regarding why he had been unassigned, and Defendant Doran stated that Defendant Patel had issued a chrono for Plaintiff's back, stating he could not lift anything over ten pounds. *Id.* On December 2, 2008, Plaintiff immediately filed a staff complaint. *Id.*

For relief, Plaintiff seeks compensatory damages of $100,000 per defendant; punitive damages of $100,000 per defendant; and declaratory relief. *Id.* at 4.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Eighth Amendment Deliberate Indifference to Serious Medical Need

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation

at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Defendant Lindsey was deliberately indifferent because Plaintiff told Defendant Lindsey about the unsafe work hazard of dry ice on the floor and damaged pallet jacks. Compl. at 5, Doc. 1. Defendant Lindsey responded that there were insufficient funds to repair the freezers and to be careful when unloading or loading the pallets. *Id.* On September 10, 2010, while unloading a pallet, Plaintiff's pallet jack became stuck in ice on the floor. *Id.* Plaintiff and his co-worker rocked the loaded pallet jack back and forth, which caused the pallet jack to thrust forward and Plaintiff slipped on the ice. *Id.* Plaintiff

injured his lower back. *Id.* However, no facts demonstrate that Defendant Lindsey was aware that Plaintiff and his co-worker were going to rock loaded pallet jacks back and forth on ice. Plaintiff also alleges that on several occasions, he verbally informed Defendant Gonzalez of the unsafe work environment, as he was inspecting the Main Kitchen. *Id.* at 9. Plaintiff's allegations as to Defendants Lindsey and Gonzalez may, at most, amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a <u>serious disease or injury</u>; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care

(and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that Defendant Dr. Patel failed to properly treat his back. Compl. at 10, Doc. 1. However, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. The complaint will be dismissed for failure to state a claim upon which relief may be granted.

### B. First Amendment Retaliation

#### 1. Legal Standard

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

### 2. Analysis

On October 18, 2008, Plaintiff's inmate appeal was granted, the freezers were repaired, and the pallet jacks were removed. Compl. at 31, Doc. 1. On November 24, 2008, Plaintiff filed an appeal, claiming that Defendant Lindsey's revised unloading protocol prohibited Plaintiff and his co-workers from using the pallet jacks to unload food into the freezer. *Id.* at 13. They were now required to unload food by hand and Plaintiff further injured his lower back. *Id.* This new protocol was in retaliation for Plaintiff's complaint about the unsafe work environment, which violates Plaintiff's First Amendment right to complain. *Id.*

Plaintiff does not satisfy the elements or retaliation. First, the prison did not take an adverse action against him but implemented the safety changes in direct response to his inmate appeal, which requested a safer work environment. Compl. at 31, Doc. 1. Second, implementing safety changes did not chill Plaintiff's right to file a grievance. Finally, implementing the safety changes reasonably advanced a legitimate correctional goal.

Because Plaintiff fails to allege facts to support that Defendants retaliated against him for exercising a constitutionally protected right, Plaintiff fails to state a claim for retaliation. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon First Amendment retaliation.

//

//

### C. Loss of Prison Job Assignment

On December 1, 2008, Defendant Doran retaliated, conspired, and had a meeting of the minds with Sgt. Davis and CC-I Swaim against Plaintiff to unassign him from his position in the kitchen. Compl. at 15, Doc. 1. Plaintiff alleges he was not provided with procedural safeguards prior to the removal of his work assignment. *Id.* Plaintiff approached Ms. Swaim regarding why he had been unassigned, and Defendant Doran stated that Defendant Patel had issued a chrono for Plaintiff's back, stating he could not lift anything over ten pounds. *Id.* On December 2, 2008, Plaintiff immediately filed a staff complaint. *Id.*

Plaintiff does not have a right to a job or program opportunities in prison. *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1995). Moreover, the facts demonstrate that due to Plaintiff's back injury, Dr. Patel found that Plaintiff could not lift over ten pounds.

### D. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action .

1  . . ." *Id.*

2  Although Plaintiff alleges that Defendant Doran conspired and had a meeting of the minds
3  with Sgt. Davis and CC-I Swaim, this allegation is conclusory and there are no specific facts
4  supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010);
5  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that Defendants
6  conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim
7  under § 1983.

### E. Violation of State Prison Rules and Regulations

Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934.

### F. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

**G. False Reports**

To the extent that Plaintiff attempts to allege a liberty interest regarding the submission of false reports against him, he fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon false reports.

**V. Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 29, 2012

_____
UNITED STATES MAGISTRATE JUDGE