1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    ALVARO QUEZADA,                      )   Case No.: 1:10-cv-01402-AWI-SAB (PC)
                                           )
12                    Plaintiff,           )   ORDER DENYING UNENUMERATED RULE
                                           )   12(B) MOTION, WITHOUT PREJUDICE, ON
13            v.                           )   PROCEDURAL GROUNDS AND REQUIRING
                                           )   DEFENDANTS TO FILE RESPONSIVE
14    R. LINDSEY, et al.,                  )   PLEADING OR MOTION WITHIN THIRTY
                                           )   DAYS
15                    Defendants.          )
                                           )   [ECF Nos. 32, 37]
16    _____   )

17        Plaintiff  Alvaro Quezada is appearing pro se and in forma pauperis in this civil rights action

18    pursuant to 42 U.S.C. § 1983.

19        This action is proceeding on Plaintiff's first amended complaint against (1) Defendants R.

20    Lindsey and P. Gonzalez for conditions of confinement in violation of the Eighth Amendment; (2)

21    Defendant I. Patel for deliberate indifference to a serious medical need, in violation of the Eighth

22    Amendment; and (3) Defendants R. Lindsey and K.J. Doran for retaliation, in violation of the First

23    Amendment.

24        On October 31, 2013, Defendants K.J. Doran and I. Patel filed an unenumerated Rule 12(b)

25    motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies.

26    42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition on November 21, 2013, and

27    Defendants filed a reply on December 2, 2013.

28        On December 16, 2013, Defendants P. Gonzalez and R. Lindsey also filed an unenumerated

                                            1

Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on February 10, 2014, and Defendants filed a reply on February 20, 2014.

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

Accordingly, in light of the decision in Albino, it is HEREBY ORDERED that:

1.      Defendants' unenumerated Rule 12(b) motion is denied, without prejudice, on procedural grounds; and

2.      Defendants have **thirty (30) days** from the date of service of this order within which to file a responsive pleading or motion.

IT IS SO ORDERED.

Dated:   **April 10, 2014**

_____
UNITED STATES MAGISTRATE JUDGE