# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

ALVARO QUEZADA,

           Plaintiff,

    v.

R. LINDSEY, et al.,

           Defendants.

Case No.: 1:10-cv-01402-AWI-SAB (PC)

ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL

[ECF No. 52]

ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff  Alvaro Quezada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

Now pending before the Court is Plaintiff's motion to compel, filed August 25, 2014. Defendants filed an opposition on September 16, 2014.

This action is proceeding on Plaintiff's first amended complaint against Defendants Lindsey and Gonzalez for conditions of confinement in violation of the Eighth Amendment, namely, unsafe work conditions in the main kitchen due to ice on the floor from the freezers, against Defendant Patel for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and against Defendants Lindsey and Doran for retaliation in violation of the First Amendment.

## II.

## DISCUSSION

### A.  Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

2

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Motion to Compel**

On May 14, 2014, Plaintiff served Defendants with one set of nineteen requests for production of documents.  Defendants responded to Plaintiff's requests with objections and responses which Plaintiff's alleges are boilerplate, evasive and incomplete.  Plaintiff attempted unsuccessfully to informally resolve the discovery dispute.  Plaintiff now moves to compel Defendants to further answer his requests for productions of documents.  In response, Defendants have explained their objections and set forth the documents initially and/or subsequently produced in response to Plaintiff's requests.

///

3

1   1.  Requests for Production of Documents

2   In responding to requests for production, Plaintiff must produce documents or other tangible

3 things which are in his "possession, custody, or control."  Fed. R. Civ. P. 34(a).  Responses must either

4 state that inspection and related activities will be permitted as requested or state an objection to the

5 request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).

6   Actual possession, custody or control is not required.  "A party may be ordered to produce a

7 document in the possession of a non-party entity if that party has a legal right to obtain the document

8 or has control over the entity [that] is in possession of the document."  Soto v. City of Concord, 162

9 F.R.D. 603, 619 (N.D. Cal. 1995); see also Allen v. Woodford, No.  CV-F-05-1104-OWW-LJO, 2007

10 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody,

11 or control if the party has actual possession, custody, or control thereof or the legal right to obtain the

12 property on demand.").

13   **a.**  **Request for Production No 1:**

14   Plaintiff request the production of the following documents: All Health and Safety Training

15 Policies, Ordinances, laws Governing Health and Safety, and Departmental Policies or Procedures

16 related to Def. 1) Lindsey and Def. 2) Gonzalez, specifically to their assignments and duties, and/or

17 when a report is made regarding unsafe work conditions and hazardous work areas, relating to damage

18 equipment, or work cities that are hazardous and will cause or are likely to cause injuries, illnesses, or

19 death to employees and inmates.

20   **Response to Request for Production No. 1:**

21   Objection.  The request is overbroad as to time and is unduly burdensome, in that it calls for

22 the production of public documents, equally available to the propounding party.  The request also

23 seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of

24 which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the

25 security of the institution.  Additionally, the production of confidential information is improper on the

26 grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs.

27 tit. 15, § 3370(d).  Without waiving these objections, the responding parties will produce all non-

28 confidential documents in their possession, custody or control concerning health and safety training

policies, and policies concerning reporting unsafe work conditions, which are contained in the California Department of Corrections and Rehabilitation Operations Manual, section 31020.1, et seq.

**Defendants' Response to Motion to Compel:**

The objections asserted are not boilerplate objections, but rather were specifically tailored to the deficiencies in Plaintiff's request.  The request includes "Ordinances" and "laws Governing Health and Safety."  Since any ordinances and laws governing health and safety are public documents, which are equally available to Plaintiff, Defendants cannot be compelled to produce them.  See Valenzuela v. Smith, No. S-04-0900 FCD DAD P, 2006 WL 4033842 (E.D. Cal. Feb. 16, 2006).  Therefore, this objection was properly asserted.

Additionally, the request includes policies and procedures concerning Defendants' job duties, which potentially includes Post Orders.  Post Orders are considered confidential.  See Rogers v. Emerson, No. 1:12-cv-01827 AWI DLB PC, 2013 WL 6383239, *3 (E.D. Cal. Dec. 4, 2013).  Post Orders are confidential, because they contain information concerning the placement of Correctional Officers and the sequence of assigned duties, which could allow inmates to anticipate their location and activities while planning a disturbance.  Distribution's position is supported by the Declaration of B. Hancock.  (Declaration, Exhibit A, at 1:23:-2:2)  The Post Orders are referred to in the Privilege Log, attached to the Response.  (Motion, Exhibit D, ECF No. 52, at 44-45.)  Again, the objections based on confidentiality were properly asserted.

Without waiving the objections, Defendants produced CDCR Departmental policies and procedures concerning health and safety training policies, and policies concerning reporting unsafe work conditions.  (Motion, Exhibit D, ECF NO. 52, at 46-60.)  Defendants also produced the Duty Statements for Correctional Business Manager I, the position occupied by Defendant Gonzalez, and Assistant Correctional Food Manager-Central Kitchen, the position occupied by Defendant Lindsey, which describe their job duties and assignments.  (Motion, Exhibit D, ECF No. 52, at 61-64.)

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this Request, the Court should deny Plaintiff's Motion to Compel a further response to Request No. 1.

///

**Ruling:**

Plaintiff's motion to compel a further response to request number one is DENIED. Notwithstanding Defendants' objections, Defendants produced all documents responsive to Plaintiff's request, including duty statements for the positions held by Defendants Gonzalez and Lindsey.  As to Plaintiff's request for policies and procedures concerning Defendants' job duties, which potentially includes Post Orders, such documentation is confidential, as set forth in the declaration of B. Hancock. (See ECF No. 54, Opp'n, Ex. A.)   No further response can be compelled.

    **b.**     **Request for Production No. 2:**

Plaintiff request the production of the Def.s' 1) Lindsey and Def. 2) Gonzalez, they will be identified as Def. 1) and Def. 2) from herein; Plaintiff request the "Post Work Orders from Def. 1 and Def. 2, i.e. specifically their (Job Descriptions) and/or any other Titles or Duties that CDCR or KVSP officials provided Def.s' 1) and 2).

    **Response to Request for Production No. 2:**

Objection.  The request is overbroad as to time.  The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d). Without waiving these objections, the responding parties will produce the Duty Statements for the positions of Correctional Business Manager I, and Assistant Correctional Food Manager.

    **Defendants' Response to Motion to Compel:**

The objections asserted are not boilerplate objections, but rather were specifically tailored to the deficiencies in Plaintiff's request.  The request specifically includes Post Orders concerning Defendants' positions.  Post orders are considered confidential.  See Rogers v. Emerson, No. 1:12-cv-01827 AWI DLB PC, 2013 WL 6383239, at *3 (E.D. Cal. Dec. 4, 2013).  Post orders are confidential because they contain information concerning the placement of Correctional Officers and the sequence of assigned duties, which could allow inmates to anticipate their location and activities while planning a disturbance.  The Defendant's position is supported by the Declaration of B. Hancock.  (Declaration,

Exhibit A, at 1:23-2:2.)  The Post Orders are referred to in the Privilege Log, attached to the Response. (Motion, Exhibit D, ECF No. 52, at 44-45.)  Again, the objections based on confidentiality were properly asserted.

This objection notwithstanding, Defendants also produced the Duty Statements for Correctional Business Manager I, the position occupied by Defendant Gonzalez, and Assistant Correctional Food Manager-Central Kitchen, the position occupied by Defendant Lindsey, which describe their job duties and assignments.  (Motion, ECF No. 52, at 61-64.)  The Duty Statements are not considered as confidential and provide Plaintiff with the information requested concerning the job duties and responsibilities of Defendants Gonzalez and Lindsey.  Plaintiff concedes that Defendants produced the documents requested, but questions only the assertion of objections.  (Motion, Exhibit F, at 82:22-23.)

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this Request, the Court should deny Quezada's Motion to Compel a further response to Request No. 2.

**Ruling:**

Plaintiff's motion to compel a further response to this request is DENIED.  First, Plaintiff's request is overbroad as to time, as it is not limited to the relevant time period relative to the allegations in the complaint.  Second, as explained above in relation to Request No. 1, to the extent the request seeks confidential information it must be denied.  Defendants' response was adequate.

**c.       Request for Production No. 3:**

Plaintiff requests the production of the "Post Work Orders" of the "Safety Coordinator" for the Institution, plaintiff request all assigned duties, responsibilities, and expectations of their assignments, and identify the State Official who was in charge of this position at the time of plaintiff's injury.

**Defendants' Response to Request for Production No. 3:**

Objection.  The request is overbroad as to time.  The request is vague and ambiguous as to the term "Safety Coordinator."  The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production of

confidential information is improper on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, §3370(d).  The request further is improper because it calls for the production of factual information, rather than documents, and should be asserted as an interrogatory under Federal Rule of Civil Procedure 33.  Without waiving these objections, the responding parties will produce Department of Corrections and Rehabilitation, Operations Manual, section 31020.5.2.

**Defendants' Response to Motion to Compel:**

The objection as to the term "Safety Coordinator" is vague and ambiguous in that all CDCR employees are responsible, in some way, to ensure safe practices at CDCR facilities.  As noted by the documents disclosed by Defendants, the proper term for this position is "Departmental Health and Safety Officer."  (Motion, Exhibit D, ECF 52, at 49.)  Since the request seeks information concerning a position title which does not exist, and is susceptible to multiple interpretations, the objection is appropriate.  As to the objection for vagueness applied only to this single term, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

The request specifically includes Post Orders concerning Defendants' positions.  As argued in response to Requests 1 and 2, Post Orders are considered confidential.  See Rogers v. Emerson, No. 1:12-cv-01827 AWI DLB PC, 2013 WL 6383239, at *3 (E.D. Cal. Dec. 4, 2013).  Defendants' position that Post Orders are confidential is supported by the Declaration of B. Hancock.  (Declaration, Exhibit A, at 1:23-2:2.)  The Post Orders are referred to in the Privilege Log, attached to the Response. (Motion, Exhibit D, ECF No. 52, at 44-45.)

To the extent that the request seeks factual information concerning name and job duties of the Departmental Health and Safety Officer for KVSP as of September 10, 2008, the request calls for the production of factual information, rather than documents, and so is beyond the scope of a request submitted under Federal Rule of Civil Procedure 34.  Rather, this information should be requested in an interrogatory, under Federal Rule of Civil Procedure 33.  Pro se litigants are bound by the rules of procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Again, the objection asserted was proper.

Nevertheless, in a good faith effort to comply with the request, Defendants produced Department of Corrections and Rehabilitation, Operations Manual, section 31020.5.2, which sets forth the duties of the Departmental Health and Safety Officer.  (Motion, Exhibit D, ECF 52, at 49.)  As to the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this request, the Court should deny Plaintiff's motion to compel a further response to Request No. 3.

**Ruling:**

Plaintiff's motion to compel must be DENIED.  Defendants' objections as vague, ambiguous and confidential have merit.  Defendants' objection as to beyond the scope of Rule 34 of the Federal Rules of Civil Procedure has merit, as Plaintiff's request seeks factual information which must be requested by way of interrogatory under Rule 33 of the Federal Rules of Civil Procedure.   If Plaintiff sought only the identity of an individual, he could have sought such information by way interrogatory in a subsequent discovery request.

Notwithstanding Defendants' objections, Defendants produced Operations Manual, section 31020.5.2 which sets forth the duties of the Departmental Health and Safety Officer.  No further response can be compelled.

**d.        Request for Production No. 4:**

Plaintiff request the production of B-Facility's "Main Kitchen" logs to the "implementation to Take Corrective Action" specifically on damage equipment, hazardous freezers, sharp loose metal inside the freezers, and the unsafe pallet jacks that were reported to Def.s' 1 and 2) … and "What" actions did these Def.s' 1) and 2) take after these reports were submitted to them.

**Response to Request for Production No. 4:**

Objection.  The request is vague and ambiguous as to the terms "Main Kitchen logs," and "implementation to Take Corrective Action."  The request further is improper because it calls for the production of factual information, rather than documents, and should be asserted as an interrogatory under Federal Rule of Civil Procedure 33.  Without waiving these objections, the responding parties will produce the Work Order Details concerning the kitchen freezer where Plaintiff's incident occurred.  Attachment 4.  The responding parties have made a reasonable inquiry and a diligent search but are not in possession, custody or control of any "logs," as these documents do not exist.

9

**Defendants' Response to Motion to Compel:**

The terms "Main Kitchen logs," and "implementation to Take Corrective Action" are vague and ambiguous because they are terms utilized by Plaintiff, rather than CDCR, and are susceptible to multiple interpretations.  These terms are not contained in the Department Operations Manual sections referred to by Plaintiff, sections 31020.7.4 and 31020.7.4.2.  (Motion, Exhibit D, ECF 52, at 53.)  As to the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

Since the request also demands factual information as to the actions taken by Defendants after reports were sent to them, the request calls for the production of factual information, rather than documents, and so is beyond the scope of a request submitted under Federal Rule of Civil Procedure 34.  Rather, this information should be requested in an interrogatory, under Federal Rule of Civil Procedure 33.  Pro se litigants are bound by the rules of procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Thus, the objection asserted was proper.

Nevertheless, CDCR conducted a search of any logs maintained concerning the main kitchen at KVSP generated in the 2007-2008 time period, including accident prevention documents and "Main Kitchen Formal Weekly Safety Inspections Check List Logs."  (Declaration of W. Adams, Exhibit B, at 2:10-14, 2:27-3:3.)  This search included checking with the KVSP Health and Safety Officer, L. Driscoll.  (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)  Initially, this search did not uncover any "logs" maintained concerning the freezers at the main kitchen at KVSP.  (Declaration of W. Adams, Exhibit B, at 2:10-12.)  Later, a Distribution log book, a Veggie Room log book, and a Production Record log book were located and produced in a Supplemental Response to Request for Production of Documents.  (Declaration of W. Adams, Exhibit B, at 2:12-14, Exhibit C.)   No accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found, as such documents were kept by CDCR for only two years prior to the current date, which would include documents generated from 2012 through the present.  (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)

///

Defendants provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs performed to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident.  (Declaration of W. Adams, Exhibit B, at 2:6-9; motion, Exhibit D, ECF No. 52, at 65-75.)  Implicit in the fact that repairs were requested, and completed, is that an inspection of the freezers took place.

Plaintiff argues that, based on his understanding of CDCR procedures, there should be more documents responsive to this request than were produced.  Due to the fact that Plaintiff's document requests were served nearly six years after the incident in question, however, no additional documents responsive to his request are available.

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this request, the Court should deny Plaintiff's motion to compel a further response to Request No. 4.

**Ruling:**

Plaintiff's motion to compel a further response is be DENIED.  Although Plaintiff argues there are more documents than provided to him, Plaintiff must accept Defendants' response that they produced all documents in their possession, custody, or control, relating to this request.  Plaintiff's bare assertion in his motion that Defendants did not provide or locate all documents is baseless.

**Request for Production No. 5:**

Plaintiff requests the production of B-Facility's "Main Kitchen" Inspection Logs from the following years, 2007 through 2010.

**Defendants' Response to Request for Production No. 5:**

Objection.  The request is overbroad as to time, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.  The request further is vague and ambiguous as to the terms "Main Kitchen Inspection Logs."  Without waving these objections, the responding parties will produce all documents concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred generated during 2008.  The responding parties have made a reasonable inquiry and a diligent search but are not in possession, custody or control of any "logs," as these documents do not exist.

**Defendants' Response to Motion to Compel:**

The request is overbroad as to time, since the request includes "inspection logs" generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Clearly, any documents referring to the condition of the main kitchen at KVSP after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Contrary to Plaintiff's contention, the amount of time it took to repair the main freezer after Plaintiff's accident is not relevant to how Plaintiff's accident occurred, or whether Defendants violated Plaintiff's civil rights in connection with this incident.  Therefore, this objection was properly asserted.

As noted above, the term "inspection logs" is vague and ambiguous because it is a term utilized by Plaintiff, rather than CDCR, and is susceptible to multiple interpretations.  The term "inspection logs" is not contained in the Department Operations Manual sections referred to by Plaintiff, sections 31020.5.3.  (Motion, Exhibit D, ECF 52, at 49-50.)  As the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

As stated above concerning Request 4, CDCR conducted a search of any logs maintained concerning the main kitchen at KVSP generated in the 2007-2008 time period, including accident prevention documents and "Main Kitchen Formal Weekly Safety Inspections Check List Logs." (Declaration of W. Adams, Exhibit B, at 2:10-14, 2:27-3:3.)  This search included checking with the KVSP Health and Safety Officer, L. Driscoll.  (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)  No accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found, as such documents were kept by CDCR for only two years prior to the current date, which would include documents generated from 2012 through the present.  (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)

Defendants also provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in connection with the repairs, to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's

accident.  (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF No. 52, at 65-75.)

See Response to Number 4, above.

As the objections asserted by Defendants are valid, and Defendants have submitted a good

faith response to this Request, the Court should deny Plaintiff's motion to compel a further response to

Request No. 5.

**Ruling:**

Plaintiff's motion to compel a further response is DENIED.  Defendants objection that the

terms are vague and ambiguous has merit as the terms are not utilized by CDCR and Defendants

cannot be required to produce documents of which they unaware.  Defendants' response ends the

inquiry.  In his motion, Plaintiff does not clarify the claims and Defendants have provided a reasonable

response to his request.

**e.**      **Request for Production No. 6:**

Plaintiff requests the production and identification of the "Department Health And Safety

Officer" assigned for KVSP B-Facility Main Kitchen.

**Defendants Response to Production for Document No. 6:**

Objection.  The request is vague and ambiguous as to the terms "production and identification

of the Department Health and Safety Officer."  The request exceeds the scope of Federal Rule of Civil

Procedure 34, which does not allow for the production or inspection of people.  The request is

improper because it calls for the production of factual information, rather than documents, and should

be asserted as an interrogatory under Federal Rule of Civil Procedure 33.

**Defendants' Response to Motion to Compel:**

The objection for vagueness was not asserted as to the term "Department Health and Safety

Officer."  Rather, this objection was asserted because Defendants were unsure how to "produce" the

Department Health and Safety Officer.  Since the request demands factual information as to the

identification of the Health and Safety Officer, the request calls for the production of factual

information, rather than documents, and so is beyond the scope of a request submitted under Federal

Rule of Civil Procedure 34.  Rather, this information should be requested in an interrogatory, under

Federal Rule of Civil Procedure 33.  Pro se litigants are bound by the rules of procedure.  <u>King v. Atiyeh</u>, 814 F.2d at 567.  Thus, the objection asserted was proper, and is not a boilerplate objection.

As noted by the Declaration of W. Adams, the Department Health and Safety Officer is L. Driscoll.[1]

As the objections asserted by Defendants are valid, the Court should deny Plaintiff's motion to compel a further response to Request No. 6.

**Ruling:**

Plaintiff's motion to compel is DENIED.  Notwithstanding Defendants' objection, Defendants have provided Plaintiff with the identification by way of declaration of W. Adams.  (<u>See</u> Declaration of W. Adams, ECF No. 54, Exhibit B, at 2:21.)  Accordingly, no further response can be compelled.

**f.       Request for Production No. 7:**

Plaintiff request the production of the Health and Safety Officers "Prevention Plan Programs" that "HE or SHE" implemented from 2007 through 2010, that covers specifically "Safety Programs", "Prevention Programs" to reduce accidents or prevent injuries and illnesses, and the "Implementation to Take Progressive Action" to [C]ure all dangerous work conditions at KVSP Main Kitchen.

**Defendants Response to Request for Production No. 7:**

Objection.  The request is vague, ambiguous, and overbroad as to the terms "Prevention Plan Programs," "Implementation to Take Progressive Action," and "[C]ure all dangerous work conditions at KVSP Main Kitchen."  The request is overbroad as to time and unduly burdensome.  Without waiving these objections, the responding parties have made a reasonable inquiry and a diligent search but are unable to comply with this request as an Accident Prevention Program specifically applicable to the freezers at the main kitchen at KVSP in 2008 does not exist.

///

---

[1] The Court is mindful of the fact that Defendants amended certain responses to Plaintiff's discovery requests only after Plaintiff filed a motion to compel.  If any party attempts to withhold documents or provide adequate responses to discovery requests until the other side institutes litigation over the matter through a motion to compel or other relief, then the Court may be inclined to rely solely on the initial response in deciding the matter and for other relief as the court deems just.  The court is very much attuned to the fact that litigation may require amendments to discovery responses in light of the focused litigation, but is also mindful that it often does not.  Careful attention should be given to a first response so as to avoid unnecessary litigation.

14

**Defendants' Response to Motion to Compel:**

The request is overbroad as to time, and unduly burdensome, since the request includes "Prevention Plan Programs," and "Implementation to Take Progressive Action" documents generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Clearly, any documents referring to accident prevention programs generated after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Since the evidentiary benefit of documents is non-existent, it is outweighed by the burden of producing documents generated subsequent to the accident, under Federal Rule of Civil Procedure 26(b)(2)(C)(iii).  Therefore, these objections were properly asserted.

Contrary to Plaintiff's assertions, the CDCR Department Operations Manual does not contain the terms "Prevention Plan Programs" or "Implementation to Take Progressive Action." (Motion, Exhibit D, ECF 52, at 51-52.)  Again, these are terms utilized by Plaintiff, rather than CDCR, and are susceptible to multiple interpretations.  As to the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

CDCR conducted a search for Accident Prevention Programs concerning the main kitchen in KVSP in 2007 and 2008.  (Declaration of W. Adams, Exhibit B, at 2:15-18, 2:27-3:3.)  This search included checking with KVSP Health and Safety Officer, L. Driscoll.  (*Id.*)  No accident prevention documents concerning the main kitchen at KVSP, generated in 2007 and 2008, were found, as such documents were kept by CDCR for only two years prior to the current date, which would include documents generated from 2012 through the present.

**Ruling:**

Plaintiff's motion to compel a further response is DENIED.  Defendants' objections have merit in that Plaintiff's request is overbroad as to time, as it includes a request for documents after the time of the alleged incident at issue in this action which is irrelevant and would not lead to discovery of admissible evidence.  In addition, Defendants have indicated that they have conducted a diligent

15

search for documents relating to Plaintiff's request and such documents do not exist.  Defendants cannot be compelled to produce documents that simply do not exist.

### g.    Request for Production No. 8:

Plaintiff requests the production of "CAL-OSHA" forms or logs relating to other inmates or Free-staff who were injured at KVSP main kitchen; (Note: plaintiff only seeks the information of how many inmates or free-staff were injured at the main kitchen and/or the summary of occupational injuries and illness logs, that documents "How, Who, and Why" these inmates and free-staff got injured).

### Response to Request for Production No. 8:

Objection.  The request is vague and ambiguous as to the terms "Inmates or Free-staff," and "documents How, Who, and Why."  The request is overbroad, both as to time as well as to the terms "KVSP main Kitchen."  Without waiving these objections, the responding parties have made a reasonable inquiry and diligent search but are not in possession, custody or control of Cal-OSHA logs concerning injuries which occurred at the KVSP Main Kitchen in 2007 or 2008, as these documents do not exist.

### Defendants' Response to Motion to Compel:

The term "free-staff" is vague and ambiguous as this is a term utilized by Plaintiff, not CDCR, and is susceptible to multiple meanings.  As the objection for vagueness applied only to a specific term, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

The request is overbroad as to time, as it potentially pertains to documents concerning injuries which have occurred at any time since KVSP opened, through the present.  Certainly, any documents referring to injuries which occurred after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Again the objection asserted is proper and is not a boilerplate objection.

Nevertheless, CDCR conducted a search for CAL-OSHA forms or logs referring to other inmates or staff who may have been injured at the KVSP main kitchen in 2007 or 2008.  (Declaration of W. Adams, Exhibit B, at 2:19-22.)  This search included checking with the KVSP Health and

Safety Officer, L. Driscoll.  (*Id.*)  No Cal-OSHA forms or logs referring to injuries which occurred in 2007 or 2008, were found, as such documents were kept by CDCR for only two years prior to the current date, which would include documents generated from 2012 through the present.  (*Id.*)

Defense counsel continued to search for documents responsive to this request, by checking with other personnel working in the KVSP Return to Work Office.  On September 12, 2014, defense counsel learned that copies of Cal-OSHA logs for 2007 and 2008 did exist.  Since these logs refer to the names of the injured parties, Defendants will provide redacted copies of these documents. Defendants also will provide a Supplemental Response to Request for Production No. 8.

**Ruling:**

Plaintiff's motion to compel a further response is GRANTED in part, and defendants shall be required to produce (if not already done so), the redacted copies of CAL-OSHA logs for 2007 and 2008.  Plaintiff's motion to compel in all other respects is DENIED.

**h.      Request for Production No. 9:**

Plaintiff requests the production of all monthly safety meeting minutes from the following years 2007 through 2010, specifically for the "Main Kitchen."

**Response to Request for Production No. 9:**

Objection.  The request is overbroad as to time, and is not calculated to lead to the discovery of admissible evidence.  Without waiving this objection, the responding party will produce copies of all monthly safety meeting minutes pertaining to the main kitchen at KVSP generated between January 1, 2007, and September 10, 2008.

**Defendants' Response to Request for Production No. 9:**

Again, the request is overbroad as to time, since the request includes documents generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Any documents referring to safety meetings generated after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Therefore, these objections were properly asserted.

///

17

Plaintiff correctly points out that Defendants did not produce copies of all monthly safety meetings pertaining to the main kitchen at KVSP generated between January 1, 2007, and September 10, 2008.  At the time that the Response to Request for Production of Documents, Set One, was served on June 30, 2014, defense counsel understood that safety minute documents from 2007 and 2008 were available, and intended to produce them in a Supplemental Response, similar to Exhibit C.  Only afterwards did counsel learn that monthly safety meeting minutes from 2007 and 2008 were not available, because CDCR keeps these documents for only two years prior to the current date.  (Declaration of W. Adams, Exhibit B, at 2:23-26.)  In order to clarify the Defendants' position concerning this issue, Defendants will produce a further response with respect to this request.

As the objections asserted by Defendants are valid, and the pertinent documents no longer exist, the Court should deny Plaintiff's motion to compel a further response to Request No. 9.

**Ruling:**

Plaintiff's motion to compel a further response is GRANTED in part.  Although Defendants initially responded they would produce copies of all monthly safety meeting minutes pertaining to the main kitchen at KVSP generated between January 1, 2007, and September 10, 2008, Defendants subsequently realized that such documents no longer exist because CDCR only keeps these documents for the two years prior to the current date.  Defendants indicate that a supplemental response will be provided to clarify such information, and Defendants will be ordered to do so (if they have not done so).

**i.      Request for Production No. 10:**

Plaintiff requests the production of all filed reports by the Def.s' 1) and 2), relating to the appropriate management and accountability that was taken for safety performances in their respective areas of responsibilities for 2007 through 2010.

**Response to Request for Production No. 10:**

Objection.  The request is overbroad as to time and is not calculated to lead to the discovery of admissible evidence.  The request is vague, ambiguous and overbroad as to the terms "relating to the appropriate management and accountability that was taken for safety performances."  The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of

which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d).  To the extent that this action, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-1034 (9th Cir. 1991).  Personnel files are also produced by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400.  Personnel files also are protected under California Evidence Code section 1040, et.seq., including section 1043.  The request is overbroad as to time and unduly burdensome.  Without waiving these objections, the responding parties will produce all documents concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred during 2008.

**Defendants Response to Motion to Compel:**

Again, the request is overbroad as to time, since the request includes documents generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Clearly, documents referring to the operation of the kitchen at KVSP after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Contrary to Plaintiff's contention, the amount of time it took to repair the main freezer after Plaintiff's accident is not relevant to how Plaintiff's accident occurred, or whether Defendants violated Plaintiff's civil rights in connection with this incident.  Defendants note that they previously produced documents concerning Plaintiff's accident in Response to Request for Production of Documents, Set Two. (Exhibit D.)

Defendants also properly objected to the vagueness of the terms "relating to the appropriate management and accountability that was taken for safety performances."  Defendants could not tell whether these terms refer to accident reports, personnel records, or other types of documents.  While Plaintiff clarifies the scope of the request by stating the request is not for personnel files concerning

Defendants, but rather is for the "documented corrective action or plan was taken surrounding the dangers of the freezers that caused plaintiff's back injury (Motion, Exhibit F, ECF No. 52, at 88:23-25), Defendants already produced all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs performed to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident.  (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF NO. 52, at 65-75.)  These Demand Maintenance Work Order Details refer to all inspections and repairs completed with respect to the freezers, which include the repairs of water leaks on February 11, 2008, removal of ice on the floor on April 21, 2008, and the replacement of a condensate line on May 21, 2008.  (Motion, Exhibit D, ECF No. 52, at 66-68.)  Under Plaintiff's interpretation of the meaning of the request, Defendants already have complied with the request.

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this Request, the Court should deny Plaintiff's motion to compel a further response to Request No. 10.

**Ruling:**

Plaintiff's motion to compel a further response is DENIED.  Notwithstanding Defendants' objections, Defendants provided a good faith response and provided all documents which included demand maintenance work order details for 2008, the year of Plaintiff's accident, relating to all inspections and repairs completed on the freezers.  Plaintiff provides no reasonable basis to find these responses are incomplete or not made in good faith.  See Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request … is not a recognized ground for compelling discovery, absent some indication beyond mere speculation that the response is incomplete or incorrect.")

**j.      Request for Production No. 11:**

Plaintiff requests the production of all reports in writing, i.e., E-mails, Work orders, Memorandums, etc., all relating to all accident prevention opportunities, and safety deficiencies discovered with recommendation for appropriate corrective actions, these requests are also for the years of 2007 through 2010, all these requests are specifically related to the main kitchen.

///

**Response to Request for Production No. 11:**

Objection.  The request is vague, ambiguous as over-broad as to the terms "accident prevention opportunities."  The request is overbroad as to the terms "related to the main kitchen."  The request is overbroad as to time.  Without waiving these objections, the responding parties will produce all documents concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred during 2008.  The responding parties have made a reasonable inquiry and a diligent search but are not in possession, custody or control of any "logs" as these documents do not exist.

**Defendants' Response to Motion to Compel:**

Again, the request is overbroad as to time, since the request includes documents generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Documents referring to the operation of the kitchen at KVSP after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence. Contrary to Plaintiff's contention, the amount of time it took to repair the main freezer after Plaintiff's accident is not relevant to how Plaintiff's accident occurred, or whether Defendants violated Plaintiff's civil rights in connection with this incident.  Therefore, this objection was properly asserted.

Additionally, the request is overbroad as to the term "related to the main kitchen," as this term involves any aspect of the kitchen, rather than to the freezers at the main kitchen, which is where Plaintiff's accident occurred.  (FAC, ECF No. 18, at 7:18-21.)  Clearly, injuries which occurred at other portions of the kitchen, such as a burn injury which may have occurred in connection with a stove or oven, would not be relevant to how Plaintiff's injury occurred.  Again the objection asserted is proper and is not a boilerplate objection.

The terms "accident prevention opportunities" are vague and ambiguous because they are terms utilized by Plaintiff, rather than CDCR, and are susceptible to multiple interpretations.  As the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

As noted in response to Requests 4 and 5, Defendants conducted a search for Accident Prevention Programs and inspection logs concerning the main kitchen at KVSP in 2007 and 2008. (Declaration of W. Adams, Exhibit B, at 2:15-18, 2:27-3:3.)  This search included checking with the KVSP Health and Safety Officer, L. Driscoll.  (*Id.*)  No accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found.

Defendants provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in connection with the repairs, to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident. (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF No. 52, at 65-75.)

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this Request, the Court should deny Plaintiff's motion to compel a further response to Request No. 11.

**Ruling:**

Plaintiff's motion to compel a further response is DENIED.  Notwithstanding Defendants' objections, Defendants conducted and no accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found.  Plaintiff must accept Defendants' response as they certainly cannot be compelled to produce something that does not exist. In addition, Defendants provided Plaintiff with work orders dealing with maintenance and repairs to the freezers at the main kitchen at KVSP for the relevant year of 2008.  As Defendants provided a good faith response to this request, no further response can be compelled.

**k.      Request for Production No. 12:**

Plaintiff request the complete production of plaintiff's work Supervisors, "name, Titles, or Ranks, and Job Descriptions" of plaintiff's work supervisors when plaintiff was assigned to (MKW-B-032), specifically for the time period when plaintiff was assigned to this position up until I got unassigned from (MKW-B-032).

**Response to Request for Production No. 12:**

Objection.  The request is vague, ambiguous and overbroad as to the terms "complete production of plaintiff's work Supervisors' name, Titles, or Ranks, and job descriptions."  The request

22

further is improper because it calls for the production of factual information, rather than documents, and should be asserted as an interrogatory under Federal Rule of Civil Procedure 33.  The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d).  To the extent that this request includes personnel files of correctional staff, including staff who are not parties to this action, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-1034 (9th Cir. 1991).  Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code section 832.7, 832.8, Government Code section 6254 and Civil Code section 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400.  Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043.  Without waiving these objections, the responding parties will produce Department of Corrections and Rehabilitation, Operations Manual, section 31020.5.2.

**Defendants' Response to Motion to Compel:**

Again, since the request demands factual information as to the names, titles, or ranks, and job descriptions of the Plaintiff's supervisors, the request calls for the production of factual information, rather than documents, and so is beyond the scope of a request submitted under Federal Rules of Civil Procedure 34.  Rather, this information should be requested in an interrogatory, under Federal Rule of Civil Procedure 33.  Pro se litigants are bound by the rules of procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Thus, the objection asserted was proper.

Similarly, the request is vague because it is unclear whether the terms "complete production of plaintiff's work Supervisors' name, Titles, or Ranks, and job descriptions" encompassed the complete personnel files for Plaintiff's supervisors.  In an abundance of caution, Defendants asserted an appropriate objection on that basis, and referred to the personnel files in a Privilege Log.  (Motion, Exhibit D, ECF NO. 52, at 44.)  The fact that Plaintiff later clarified that the request did not include

1    personnel files (Motion, Exhibit F, ECF No. 52 at 90:6-8) does not mean that the original

2    interpretation of this request, and the assertion of an objection, was improper.

3         Defendants point out that Plaintiff knows the identity of at least one of his supervisors, K.

4    Jackson, because he alleges that he reported the incident of September 10, 2008, to her.  (FAC, ECF

5    No. 18, at 8:6-9.)  If Plaintiff only wanted a job description pertaining to his supervisor, K. Jackson, as

6    he now contends, he could have submitted a more specific, understandable request.

7         In a good faith effort to respond to the request, Defendants produced the Department

8    Operations Manual, section 31020.5.3, which sets forth the responsibilities of a Supervisor.  (Motion,

9    Exhibit D, ECF No. 52, at 49-50.)

10        As the objections asserted by Defendants are valid, and Defendants have submitted a good

11   faith response to this request, the Court should deny Plaintiff's motion to compel a further response to

12   Request No. 12.

13        **Ruling:**

14        Plaintiff's motion to compel a further response is DENIED.  Defendants' objection as to

15   beyond the scope of Rule 34 of the Federal Rules of Civil Procedure has merit, as his request seeks

16   factual information which must be requested by way of interrogatory under Rule 33 of the Federal

17   Rules of Civil Procedure.   If Plaintiff sought only the identity of the supervisors, he could have sought

18   such information by way interrogatory in a subsequent discovery request.

19        Notwithstanding Defendants' objections, Defendants produced a copy of the Department

20   Operations Manual, section 31020.5.3, which lists the responsibilities of a Supervisor as sought by

21   Plaintiff's request for production of documents.  No further response can be compelled.

22        **Request for Production No. 13:**

23        Plaintiff requests the production of all informal or formal inspection logs taken by all assigned

24   KVSP Personnel in the Main Kitchen, that documented the work areas that were hazardous, or posed

25   any potential injury to staff or inmates alike.

26        **Response to Request for Production No. 13:**

27        Objection.  The request is overbroad as to time.  The request further is overbroad as to the

28   terms "in the Main Kitchen."  The request further is vague and ambiguous as to the terms "that

24

1    documented the work areas that were hazardous or posed any potential injury to staff or inmates

2    alike." Without waiving these objections, the responding parties will produce all documents

3    concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred

4    generated during 2008. The responding parties have made a reasonable inquiry and a diligent search

5    but are not in possession, custody or control of any "logs," as these documents do not exist.

6    **Defendants' Response to Motion to Compel:**

7    Again, the request is overbroad as to time, as it potentially pertains to documents concerning

8    injuries which have occurred at any since KVSP opened, through the present. Certainly, any

9    documents referring to injuries which occurred after the Plaintiff's injury had occurred does not bear

10   on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery

11   of admissible evidence. Again the objection asserted is proper.

12   Similarly, the terms "that documented the work areas that were hazardous or posed any

13   potential injury to staff or inmates alike" are vague and ambiguous, as these terms are susceptible to

14   multiple interpretations.

15   Nevertheless, Defendants provided all Demand Maintenance Work Order Details, dated March

16   16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in

17   connection with the repairs, performed to the freezers at the main kitchen at KVSP during 2008, the

18   year of Plaintiff's accident. (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF

19   No. 52, at 65-75.)

20   As noted in connection with requests 4, 5, and 11, CDCR also conducted a search of any logs

21   maintained concerning the main kitchen at KVSP generated in the 2007-2008 time period, including

22   accident prevention documents. (Declaration of W. Adams, Exhibit B, at 2:10-14, 2:27-3:3.) This

23   search included checking with the KVSP Health and Safety Officer, L. Driscoll. (Declaration of W.

24   Adams, Exhibit B, at 2:27-3:3.) No accident prevention documents or inspection reports concerning

25   the main kitchen at KVSP, generated in 2007 or 2008, were found, as such documents were kept by

26   CDCR for only two years prior to the current date, which would include documents generated from

27   2012 through the present. (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)

28   ///

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this request, the Court should deny Plaintiff's motion to compel a further response to Request No. 13.

**Ruling:**

Plaintiff's motion to compel is DENIED.  Notwithstanding Defendants' objections, Defendants conducted and no accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found.  Plaintiff must accept Defendants' response as they certainly cannot be compelled to produce something that does not exist.  In addition, Defendants provided Plaintiff with work orders dealing with maintenance and repairs to the freezers at the main kitchen at KVSP for the relevant year of 2008.  As Defendants provided a good faith response to this request, no further response can be compelled.

**l.      Request for Production No. 14:**

Plaintiff requests the production of KVSP's Main Kitchen: Formal Weekly Safety Inspections Check List Logs" used to inspect all areas of the main kitchen from 2007 through 2010.

**Response to Request for Production No. 14:**

Objection.  The request is vague, ambiguous and overbroad as to the terms "Main Kitchen Formal Weekly Safety Inspections Check List Logs" and "all areas of the main kitchen."  The request further is overbroad as to time, and is not calculated to lead to the discovery of admissible evidence.  Without waiving these objections, the responding parties will produce all documents concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred during 2008.  The responding parties have made a reasonable inquiry and a diligent search but are not in possession, custody or control of any "logs," as these documents do not exist.

**Defendants' Response to Motion to Compel:**

Again, the request is overbroad as to time, since the request includes documents generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Clearly, documents referring to the operation of the main kitchen after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.

Contrary to Plaintiff's contention, the amount of time it took to repair the main freezer after Plaintiff's accident is not relevant to how Plaintiff's accident occurred, or whether Defendants violated Plaintiff's civil rights in connection with this incident.  Therefore, this objection was properly asserted.

As stated above, the request is vague and overbroad as to the term "all areas of the main kitchen," as this term involves any aspect of the kitchen, rather than to the freezers at the main kitchen, which is where Plaintiff's accident occurred.  (FAC, ECF NO. 18, at 7:18-21.)

The terms "Main Kitchen Formal Weekly Safety Inspections Check List Logs" are vague and ambiguous because they are terms utilized by Plaintiff, rather than CDCR, and are susceptible to multiple interpretations.  As the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

As noted in response to requests 4, 5, 11, and 13, CDCR conducted a search of any logs maintained concerning the main kitchen at KVSP generated in the 2007-2008 time period, including accident prevention documents and "Main Kitchen Formal Weekly Safety Inspections Check List Logs." (Declaration of W. Adams, Exhibit B, at 2:10-14, 2:27-3:3.)  This search included checking with the KVSP Health and Safety Officer, L. Driscoll.  (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)  No accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found, as such documents were kept by CDCR for only two years prior to the current date, which would include documents generated from 2012 through the present. (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)

Defendants provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in connection with the repairs, to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident. (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF No. 52, at 65-75.)

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this request, the Court should deny Plaintiff's motion to compel a further response to Request No. 14.

///

27

**Ruling:**

Plaintiff's motion to compel a further response is DENIED.  Although Plaintiff contends that "weekly safety inspection check list logs," exist, Defendants have  provided a good faith response that no inspection reports or logs were found, as CDCR only retains such documents for two years prior to the current date, i.e. 2012 through the present.  Plaintiff is required to accept that answer, and his bare assertion that Defendants are either lying or engaging in deceitful behavior is unfounded.

**m.      Request for Production No. 15:**

Plaintiff requests the production of all monthly and quarterly safety and sanitation inspection logs of the entire main kitchen, including but not limited to all findings that were documented with deficiencies to the main kitchen.

**Response to Request for Production No. 15:**

Objection.  The request is vague, ambiguous and overbroad as to the terms "monthly and quarterly sanitation inspection logs of the entire main kitchen," and "documented with deficiencies to the main kitchen."  The request further is overbroad as to time, and is not calculated to lead to the discovery of admissible evidence.  Without waiving these objections, the responding parties will produce all documents concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred during 2008.  Attachment 5.  The responding parties have made a reasonable inquiry and a diligent search but are not in possession, custody or control of any "logs," as these documents do not exist.

**Defendants' Response to Motion to Compel:**

Again, the request is overbroad as to time, as it potentially pertains to documents concerning injuries which have occurred since KVSP opened, through the present.  Clearly, documents referring to the operation of the kitchen at KVSP after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Contrary to Plaintiff's contention, the amount of time it took to repair the main freezer after Plaintiff's accident is not relevant to how Plaintiff's accident occurred, or whether Defendants violated Plaintiff's civil rights in connection with this incident.  Therefore, this objection was properly asserted.

Additionally, the request is overbroad as to the term "entire main kitchen," as this term involves any aspect of the kitchen, rather than to the freezers at the main kitchen, which is where Plaintiff's accident occurred.  (FAC, ECF No. 18, at 7:18-21.)  Injuries which occurred at other portions of the kitchen, such as a burn injury which may have occurred in connection with a stove or oven, would not be relevant to how Plaintiff's injury occurred.  Again the objection asserted is proper.

The terms "monthly and quarterly sanitation inspection logs of the entire main kitchen," and "documented with deficiencies to the main kitchen," are vague and ambiguous because they are terms utilized by Plaintiff, rather than CDCR, and are susceptible to multiple interpretations.  As the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

As mentioned in connection with Requests 4, 5, 11, 13, and 14, CDCR conducted a search of any logs maintained concerning the main kitchen at KVSP generated in the 2007-2008 time period, including accident prevention documents and "Main Kitchen Formal Weekly Safety Inspections Check List Logs."  (Declaration of W. Adams, Exhibit B, at 2:10-14, 2:37-3:3.)  No accident prevention documents or inspection reports concerning the main kitchen at KVSP, generated in 2007 or 2008, were found, as such documents were kept by CDCR for only two years prior to the current date, which would include documents generated from 2012 through the present.  (Declaration of W. Adams, Exhibit B, at 2:27-3:3.)

Defendants provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in connection with the repairs, to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident.  (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF NO. 52, at 65-75.)

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this request, the Court should deny Plaintiff's motion to compel further response to Request No. 15.

///

///

**Ruling:**

Plaintiff's motion to compel a further response to this request is DENIED.  Although Plaintiff contends that "monthly" reports, Defendants have provided a good faith response that no inspection reports or logs were found, as CDCR only retains such documents for two years prior to the current date, i.e. 2012 through the present.  In addition, Defendants produced work order details conducted during the relevant year of 2008.  Plaintiff is required to accept that answer, and his assertion that Defendants did not do enough to locate responsive documents is baseless.

**n.    Request for Production No. 16:**

Plaintiff requests all filed and/or reported work orders that pertain specifically to all the main kitchens "Walk-in Freezers" that requested the curing of these Freezers from 2007 through 2010.

**Response to Request for Production No. 16:**

Objection.  The request is vague, ambiguous and overbroad as to the terms "filed and/or reported work orders."  The request further is overbroad as to time, and is not calculated to lead to the discovery of admissible evidence.  Without waiving these objections, the responding parties will produce all documents concerning any inspection or repair of the kitchen freezer where Plaintiff's incident occurred during 2008.

**Defendants' Response to Motion to Compel:**

Again, the request is overbroad as to time, since the request includes documents generated through 2010, which is two and one-half years after the date of Plaintiff's accident, which occurred on September 10, 2008.  (FAC, ECF No. 18, at 7:18-21.)  Clearly, documents referring to the operation of the kitchen at KVSP after the Plaintiff's injury had occurred does not bear on the condition of the main kitchen at the time of the incident, and so would not lead to the discovery of admissible evidence.  Contrary to Plaintiff's contention, the amount of time it took to repair the main freezer after Plaintiff's accident is not relevant to how Plaintiff's accident occurred, or whether Defendants violated Plaintiff's civil rights in connection with this incident.  Therefore, this objection was properly asserted.

The terms "filed and/or reported work orders" are vague and ambiguous because they are terms utilized by Plaintiff, rather than CDCR, and are susceptible to multiple interpretations.  As the objection for vagueness applied only to specific terms, and was not asserted to any other portion of the

request, the objection is specifically tailored to the deficiencies in Plaintiff's request, and is not a boilerplate objection.

Defendants provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in connection with the repairs, to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident. (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF No. 52, at 65-75.)

As the objections asserted by Defendants are valid, and Defendants have submitted a good faith response to this request, the Court should deny Plaintiff's motion to compel a further response to Request No. 16.

**Ruling:**

Plaintiff's motion to compel is DENIED.  Notwithstanding Defendants' objections, Defendants produced all work orders from 2008 (year of accident) to the freezers in the main kitchen at KVSP. Defendants state they have submitted a good faith response to this request, and Plaintiff is required to accept that answer.

**o.      Request for Production No. 17:**

Plaintiff requests the dates and times of when the Def.s 1) and 2) were first notified or alerted that the main kitchen freezers on B-Facility were not operating at normal capacity, **where** the freezer floors had (ICE) on floors.  The dates are sometime in 2008 after plaintiff's injury.

**Response to Request for Production No. 17:**

Objection.  The request for improper because it calls for the production of factual information, rather than documents, and should be asserted as an interrogatory under Federal Rule of Civil Procedure 33.  The request further is vague and ambiguous as to the terms "not operating at normal capacity."  The request further assumes facts.

**Defendants Response to Motion to Compel:**

Again, since the request demands factual information as to when Defendants Gonzales and Lindsey first learned that the freezers were operating improperly, the request calls for the production of factual information, rather than documents, and so is beyond the scope of a request submitted under Federal Rule of Civil Procedure 34.  Rather, this information should be requested in an interrogatory,

under Federal Rule of Civil Procedure 33.  Pro se litigants are bound by the rules of procedure.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

The motion to compel does not challenge the response to this request.  (Motion, Exhibit F, ECF 52, at 13-14.)  Since the objection asserted is valid, the Court should deny Plaintiff's motion to compel a further response to Request No. 17.

**Ruling:**

Plaintiff's motion to compel a further response is DENIED.

**p.      Request for Production No. 18:**

Plaintiff requests the production of all injury reports dealing with plaintiff's direct Supervisor K. Jackson's injury that occurred in the main kitchen as a direct result of the hazardous freezers having ice on the floors.  The dates are sometime in 2008 after plaintiff's injury.

**Response to Request for Production 18:**

Objection.  The request is not calculated to lead to the discovery of admissible evidence.  The request further invades the privacy of Supervisor K. Jackson.  Without waiving these objections, the responding parties have made a reasonable inquiry and a diligent search but are unable to comply with the request as the documents pertaining to Supervisor K. Jackson's injuries no longer exist, as incidents which are not reportable to Cal-OSHA are kept for two years, and the documents pertaining to the injury of Supervisor K. Jackson have been disposed of in the normal course of business.

**q.      Request for Production No. 19:**

Plaintiff requests the production of all reports or logs of filed work orders relating to (¶18) incident.

**Response to Request for Production No. 19:**

Objection.  The request is not calculated to lead to the discovery of admissible evidence.  The request further invades the privacy of Supervisor K. Jackson.  The request is vague, ambiguous and overbroad as to the terms "all reports."  Without waiving these objections, the responding parties have made a reasonable inquiry and a diligent search but are unable to comply with the request as the documents pertaining to Supervisor K. Jackson's injuries no longer exist, as incidents which are not

reportable to Cali-OSHA are kept for two years, and the documents pertaining to the injury of Supervisor K. Jackson have been disposed of in the normal course of business.

**Defendants' Response to Motion to Compel Further Response to Requests Nos. 18 and 19:**

Under the terms of the request, the incident involving K. Jackson occurred after the incident of September 10, 2008, involving Plaintiff.  Therefore, the existence of a dangerous condition after Plaintiff's accident is not relevant to the issue of the condition of the floor at the time of Plaintiff's accident, so that the request is not calculated to lead to the discovery of admissible evidence.  Again, the issue of the length of time it took to repair the alleged condition, after Plaintiff's accident occurred, is not relevant to the issues in this case.

Moreover, K. Jackson is not a party to this case, and any accident reports generated necessarily would disclose the nature and extent of her injuries, which also are not relevant to the issues in this case.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992); DeMasi v. Weiss, 669 F.2d 114, 119-120 (3d Cir. 1982); see also Hardie v. National Collegiate Athletic Ass'n,  2013 WL 6121885, at *3 (S.D. Cal. Nov. 20, 2013); citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35, n.21, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (noting that "[a]lthough [Rule 26(b)(2)] contains no specific reference to privacy or other rights or interest that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").  Thus, the objections asserted were proper.

Nevertheless, Defendants conducted a search for records responsive to this request, and was informed by the Health and Safety Officer for KVSP, L. Driscoll, that the records did not exist, as the records were disposed of in the ordinary course of business.  (Declaration of W. Adams, Exhibit B, at 3:4-7.)

Defense counsel continued to search for documents responsive to this request, by checking with other personnel working in the KVSP Return to Work Office.  (Declaration of R. Lawrence Bragg, infra.)  On September 12, 2014, defense counsel learned that copies of the K. Jackson Workers Compensation documents did exist, which referred to a slip and fall on a wet floor in the bakery area, which occurred on September 25, 2008.  Even though this incident did not involve a slip and fall on

ice in the freezer area, and so does not come within the scope of the request, Defendants will provide a redacted copy of this document, in order to end the inquiry.  Defendants also will provide a Supplemental Response to Request for Production Nos. 18 and 19.

Defendants provided all Demand Maintenance Work Order Details, dated March 16, 2008, through December 7, 2008, which detail all repairs, and the inspections performed in connection with the repairs, to the freezers at the main kitchen at KVSP during 2008, the year of Plaintiff's accident. (Declaration of W. Adams, Exhibit B, at 2:6-9; Motion, Exhibit D, ECF NO. 52, at 65-75.)  No other documents concerning the maintenance or repair of the freezers at the main kitchen at KVSP in 2008 exist.  (Declaration of W. Adams, Exhibit B, at 2:6-9.)

**Ruling:**

Plaintiff's motion to compel a further response is GRANTED in part.  Notwithstanding Defendants' objections, Defendants conducted a diligent search and subsequent to the filing of the motion to compel learned that copies of K. Jackson's Workers Compensation documents existed for an incident which occurred on September 25, 2008.  Defendants submit a supplemental response to Request for Production Nos. 18 and 19 will be provided to Plaintiff.  In addition, Defendants produced all the work orders for the relevant year of 2008.

## III.

## CONCLUSION AND ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Within **twenty (20)** days from the date of service of this order, Defendants shall provide a supplemental response to Plaintiff's Request for Production Numbers 8, 9, 18, and 19, Set One (if they have not done so);

///
///
///
///
///

2.      Within **thirty (30)** days from the date of service of this order, Plaintiff shall file a response to Defendants' motion for summary judgment filed; and

3.      The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 30, 2014**

UNITED STATES MAGISTRATE JUDGE