1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ALVARO QUEZADA,                    )   Case No.: 1:10-cv-01402-AWI-SAB (PC)
                                        )
12                    Plaintiff,        )   FINDINGS AND RECOMMENDATION
                                        )   REGARDING DEFENDANTS' MOTION FOR
13              v.                      )   SUMMARY BASED ON FAILURE TO EXHAUST
                                        )   THE ADMINISTRATIVE REMEDIES
14   R. LINDSEY, et al.,                )
                                        )   [ECF Nos. 50, 60, 61, 62, 63, 64, 65, 66]
15                    Defendants.       )
                                        )
16   _____   )

17          Plaintiff  Alvaro Quezada is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19                                      **I.**

20                            **RELEVANT HISTORY**

21          This action is proceeding on Plaintiff's first amended complaint against Defendants R. Lindsey

22   and P. Gonzalez for conditions of confinement in violation of the Eighth Amendment, against

23   Defendant I. Patel for deliberate indifference to a serious medical need, and against Defendants R.

24   Lindsey and K.J. Doran for retaliation in violation of the First Amendment.

25          On July 29, 2014, Defendants Lindsey, Gonzalez, and Patel filed a motion for summary

26   judgment based on failure to exhaust the administrative remedies.[1]  (ECF No. 50.)   Plaintiff filed an

27

28   _____
     [1] Defendant Doran did not move for summary judgment.

                                        1

opposition on January 23, 2015, including declarations and statement of disputed facts, along with lodged exhibits.  (ECF Nos. 60-65.)  On February 4, 2015, Defendants filed an untimely reply.  (ECF No. 66.)  Despite the untimeliness, the Court will consider Defendants' reply.[2]  However, Defendants are admonished that future failure to file timely pleadings may result in the document being stricken from the record without consideration.

## II.

## DISCUSSION

### A.    Motion to Summary Judgment for Failure to Exhaust

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at

---

[2] Pursuant to Local Rule 230(l), under which this action is proceeding "[t]he moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition."  In this instance, Plaintiff's opposition was filed in CM/ECF on January 23, 2015, and a reply was due on or before January 30, 2015.

387 (citing <u>Celotex Corp.</u>, 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  <u>Id.</u> (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011)).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**B.    Exhaustion under the Prisoner Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  <u>Jones</u>, 549 U.S. at 216; <u>Albino v. Baca</u>, 747 F.3d 1162, 1171 (9th Cir. 2014); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings.  <u>Albino</u>, 747 F.3d at 1170.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  <u>Jones</u>, 549 U.S. at 223-24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

3

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

**C.      Allegations of Complaint**

Plaintiff's allegations arise out of the conditions of confinement at his job in the main kitchen of Kern Valley State Prison (KVSP).  Plaintiff alleges that both Defendant Lindsey and Gonzalez were aware of these unsafe conditions and refused to remedy them.  Plaintiff reported the unsafe work conditions several times before he was injured. Plaintiff specifically reported the freezers as unsafe because they had two inches of ice on the floor and "metal stock being loose/sticking out of the freezer walls."  Several other inmates reported these unsafe conditions as well.  Defendant Lindsey repeatedly told Plaintiff that there were no funds to fix the freezers and that inmates needed to be careful. Plaintiff repeatedly addressed the unsafe conditions with Defendant Gonzalez every time he made his rounds in the main kitchen.

On September 10, 2008, Plaintiff's work duties included helping to unload a "heavy pallet" from one of the delivery trucks.  Plaintiff was located in the freezer with two inches of ice on the floor. While unloading the damaged pallet, it got stuck on the ice and the only way to get it unstuck was to rock it back and forth.  The pallet "thrusted forward and Plaintiff slipped on the ice and severely injured his lower back."  Plaintiff alleges he was injured as a result of these unsafe conditions and confinement that both Defendants Lindsey and Gonzalez failed to address.

4

Secondly, Plaintiff alleges First Amendment retaliation claims against Defendants Lindsey and Doran.  Plaintiff alleges that Defendant Lindsey implemented a retaliatory loading and unloading policy and threatened Plaintiff with disciplinary action immediately after Plaintiff filed a 602 grievance challenging the unsafe conditions and confinement.  Plaintiff further alleges that Defendant Doran unlawfully removed Plaintiff from his work assignment in retaliation for his grievance.

Thirdly, On September 11, 2008, Plaintiff was provided medical treatment for his back injury and given an injection for the pain. After his initial treatment, Plaintiff continued to suffer "excruciating pain to the point where Plaintiff could not function" on a daily basis.  Plaintiff repeatedly requested medical attention from Defendant Patel.  Defendant Patel denied Plaintiff treatment for months and repeatedly stated to Plaintiff that nothing was wrong with him and he only wanted pain medication "so [he] could get high."  Months later, Defendant Patel finally performed tests on Plaintiff that indicated that Plaintiff had a serious need for treatment.  Defendant Patel's demeanor immediately changed and he requested that Plaintiff not sue him.

**D.    Statement of Undisputed Facts**

1.    Plaintiff alleges that he was injured on September 10, 2008, while working in a freezer at KVSP.

2.    Plaintiff alleges that Defendants Lindsey and Gonzalez were deliberately indifferent to Plaintiff's safety because they knew of an excessive risk and hazardous conditions involved in working in a freezer with ice on the floor and with damaged pallet jacks.

3.    Plaintiff alleges that Defendant Patel was deliberately indifferent to a serious medical need because Patel did not provide adequate pain medication to Plaintiff after the incident of September 10, 2008.

4.     Plaintiff did not submit a separate HC Health Care Appeal concerning the allegations of deliberate indifference to a serious medical condition asserted against Defendant Patel.

5.    Plaintiff prepared a CDCR 602 Inmate/Parolee Appeal  referring to the incident of September 10, 2008, in the freezer at KVSP, dated September 15, 2008.  This appeal

contended that Plaintiff's supervisors, Defendants Gonzalez and Lindsey, were deliberately indifferent.

6.    After Plaintiff unsuccessfully attempted to resolve the matter at the Informal Level, Plaintiff submitted the Appeal for First Level Review.  This portion of the Appeal is dated November 24, 2008.

7.    Plaintiff placed the appeal in the 602 box at the institution on November 24, 2008.

8.    Plaintiff was familiar with the CDCR form 602 Inmate/Parolee Appeal process, having filed prior CDCR form 602 Inmate/Parolee Appeals.

9.    Plaintiff was aware that the appeal coordinator was to provide a response to a CDCR form 602 Inmate/Parolee Appeal within thirty day.

10.   Plaintiff sent a letter to the hiring authority at KVSP, dated March 12, 2009.

**E.    Exhaustion of Administrative Remedies as to Claims in First Amended Complaint**

Defendants move for summary judgment claiming Plaintiff admittedly did not exhaust the available administrative remedy concerning the allegations of deliberate indifference to a serious medical condition asserted against Defendant Patel, and the facts of this case demonstrate that Plaintiff failed to exhaust his administrative remedies as to Defendant Gonzalez and Lindsey because Plaintiff did not submit the appeal for first level review in a timely manner and then, after the appeal was properly screened, simply abandoned the process.

1.    <u>Defendants Lindsey and Gonzalez</u>

The claim against Defendants Lindsey and Gonzalez at issue in the instant motion relates to the unsafe conditions of confinement that they failed to address and resulted in Plaintiff slipping on ice and severely injuring his lower back.   The issue to be resolved as to Defendants Lindsey and Gonzalez is whether Plaintiff took sufficient steps to exhaust his administrative appeal remedies through all levels of review or whether such inability is attributable to prison officials actions or whether Plaintiff's appeal was exhausted at the informal level of review such that further review was not necessary.  Although there is a separate third claim against Defendants Lindsey and Doran for retaliation, Defendants do not move for summary judgment on this claim.

6

The PLRA requires that an inmate exhaust administrative remedies "as are available." 42 U.S.C. § 1997e(a).  As the Ninth Circuit has repeatedly reiterated, the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable."  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).  Under the law of the circuit, "affirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable."  Albino, 697 F.3d at 1034; see also Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (if employees of a facility prevent the filing of a grievance, the exhaustion requirement may be "unavailable" and defendants estopped from raising non-exhaustion as an affirmative defense).  Courts have repeatedly held that an administrative remedy becomes "unavailable" for purposes of the exhaustion requirement if prison officials do not respond to a properly filed grievance or if they otherwise use affirmative misconduct to thwart a prisoner's attempts to exhaust.  See, e.g., Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926 n.18 (9th Cir. 2005); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that the prisoner had exhausted his "available" administrative remedies).

Plaintiff prepared a CDCR Inmate/Parolee Appeal (Appeal) referring to the incident of September 10, 2008, in the freezer at KVSP, dated September 15, 2008, relating to the back injury suffered during the course of his work assignment in the kitchen.  (ECF No. 13, at 61-64.)  On October 7, 2008, the Court was returned to Plaintiff because he did not attempt to resolve the matter at the informal level of review.  (ECF No. 13, at 60, Letter Response.)

Plaintiff initially argues that because his appeal was granted at the informal level he was not required to proceed to the first level of review.  Plaintiff is correct that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant of relief that *satisfies* him, in order to exhaust his administrative remedies."  Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010) (emphasis added).

Plaintiff's appeal was granted at the informal level on November 17, 2008, stating the following:

> Granted all freezers are currently fixed, pallet jacks will be remove until they can be fixed or replaced, work reports were completed, and main kitchen will continue to take proactive role in preventing injury or accidents.

(Defs.' Mot. Ex. 1.)

However, in this instance, Plaintiff indicated that he was dissatisfied with the informal response and indeed stated:

> Appellant is dissatisfied with the informal level response. Appellant asserts the following: As a result of this appeal being filed, Food Manager Lin[d]sey immediately implemented a HARSHER UNLOADING PROTOCOL" that prohibit appellant to utilize the pallet jacks to unload the food products into the freezers or refrigerators. Appellant was informed that if he was found using the pallet jacks into the freezers or refrigerators he would be written up a 115 Rules Violation Report for using the pallet jacks in that fashion.
>
> Due to this procedure, appellant re-injured his lower back once again due to the extreme unloading procedures described above.
>
> Furthermore, the damage pallet jacks are still being used and not be[ing] replaced or fixed as the granted appeal has stated. Also, there was never given a time table or when these damaged pallet jacks were going to be fixed.
> Appellant also has not been provided with the workers compensation forms to secure his protected rights that is provided through these statutes.

(Id.) It is apparent from Plaintiff's response to the informal level that he was not satisfied and disagreed with the staff response. Thus, it was incumbent upon Plaintiff to proceed further with the appeal process, as he attempted to do.

After Plaintiff unsuccessfully attempted to resolve the matter at the informal level of review, Plaintiff submitted the appeal to the first level of review by placing it into the 602 box at the institution on November 24, 2008. (ECF No. 50, Defs.' Mot. Ex. B.) The Appeal Coordinator at KVSP noted receipt of the appeal on February 2, 2009, seventy-five days after Plaintiff received an information response to the appeal. The Court notes that in their prior motion to dismiss, Defendants submitted that it was unclear whether this delay in receipt of the appeal was attributable to Plaintiff or to personnel at KVSP. (ECF No. 32, Mot. at 5:11-12.)

On February 6, 2009, the appeal was screened out because it exceeded the time limitation for review at the first level. The letter stated "[t]here has been too great a TIME LAPSE between when

8

the action or decision occurred and when   you filed your appeal with no explanation of why you did not or could not file a timely fashion.  Time limits expired per CCR 3084.6(c).  Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely." (Defs.' Mot. Ex. E.)

The first-level appeal was *received* on February 26, 2009.  (Defs.' Mot. Ex. D(1).)  The appeal was rejected on March 3, 2009, because it had not been submitted for first level review in a timely manner.  (Defs.'  Mot. Seaman Decl., Ex. D at 3:10-18.)

 Defendants submit the declaration by M. Seaman (appeals coordinator at KVSP) who declares that Plaintiff's request for first level review was not received at the Appeals Office at KVSP until February 2, 2009, and Plaintiff was informed by letter dated February 6, 2009, that the applicable time limits for first level review of his appeal had expired, and if Plaintiff wished to pursue the matter further, he must provide an explanation and supporting documentation as to why he did not or could not file this appeal in a timely manner.  (Defs.' Mot. Seaman Decl., Ex. D at 2:24-28; 3:1-9.)

In response, Plaintiff argues that he submitted the appeal for first level review on November 24, 2008, however, the appeal was not actually received at the Appeals Office at KVSP until February 2, 2009.  Plaintiff submits a letter dated February 17, 2009, which specifically sets forth that Plaintiff "received an informal response on 11/17/08, by Food Manager Lindsey.  On 11/24/08 [Petitioner] once again filed this appeal to the first level review where [Petitioner] placed this appeal in the 602 box located inside the housing unit never violating the 15 working day time limit."  (ECF No. 64, Opp'n at 3; ECF No. 65, Ex. E(bb).)  Indeed, M. Seaman declares that at the request of the Office of the Attorney, he "reviewed a letter from inmate Quezada, addressed to D. Tarnoff, Appeal Coordinator at KVSP, dated February 17, 2009, and a letter sent to inmate Quezada, dated March 3, 2009, from D. Tarnoff."  (Defs.' Mot. Seaman Decl., Ex. D at 5:8-14.)  M. Seaman declares that Plaintiff "re-submitted the Appeal on or about February 26, 2009, but did not include an explanation of why the Appeal had not been submitted for First Level Review in a timely manner."  (Id. at 3:10-12.)

However, in the February 17, 2009 letter, Plaintiff explained the reason why he believed the screening as untimely was not justified, and Defendants' argument that Plaintiff presented only a conclusory allegation is not well-taken as it is not apparent what else Plaintiff could have explained.

9

In their reply, Defendants argue that Plaintiff provides no documentation to support the contention that he submitted the first level review on November 24, 2008.  It is sufficient that Plaintiff attests under penalty of perjury, that he placed the grievance in the 602 complaint box on November 24, 2008, and Defendants fail to produce any evidence to the contrary.  Plaintiff's declaration, signed under penalty of perjury on January 16, 2015, is admissible evidence.  See Williams v. Paramo, No. 13-56004, 2015 WL 74144, at *8 (9th Cir. Jan. 7, 2015).  Plaintiff does not need to prove what happened to the appeal after it was placed in the box.

Plaintiff's claim is further substantiated by the fact that he submits the same inmate grievance of September 15, 2008, which was stamped received on February 26, 2009-just nine days after the letter of February 17, 2009, and twenty days after the February 6, 2009, denial letter.  The letter of February 6, 2009, advised Plaintiff that "[i]f you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives."  (Defs.' Mot, Ex. 3.)  Second, Plaintiff, attests under penalty of perjury and with supporting evidence, that he submitted the explanation why he believed the screening to be in error by way of February 17, 2009 letter (which is attached to his exhibits)-within the fifteen-day time period.

In this instance, the Court finds that Plaintiff's efforts to exhaust the administrative remedies were thwarted by prison officials' failure to properly respond and screen his grievance.  As such, Plaintiff's failure to appeal further should be excused as an effectively unavailable remedy.  For this same reason, Plaintiff was not required to file a separate appeal challenging the screened-out grievance.  Under these circumstances, because Defendants failed to rebut Plaintiff's evidence concerning the steps he took in an effort to exhaust his administrative remedies, in particular, Plaintiff's placement of the grievance in the screening box on November 24, 2008 and his February 17, 2009 letter, Defendants Lindsey and Gonzalez are not entitled to summary judgment.

The Court does not give credit to Defendants' argument that Plaintiff "inexplicitly" did not log the request for first level review, as such argument is misplaced and improperly shifts the burden of proof relating to exhaustion on Plaintiff.  Defendants argue at length that Plaintiff alleges a long-standing problem at KVSP concerning the handling of 602 appeals.  To address this problem, Plaintiff

required correctional officers to log his 602 appeals in the inmate mail logs maintained at KVSP

between 2005 and 2007.  (Defs.' Mot. at 7.)  The Supreme Court has made clear that failure to exhaust

the administrative remedies is an affirmative defense for which the burden of proof falls on the

moving party, i.e. Defendants in this instance.  Indeed, inmates are not required to specifically plead or

demonstrate exhaustion in their complaints.  Jones v. Bock, 549 U.S. at 216.  Rather, a defendant bears

the burden of proving that a plaintiff failed to exhaust administrative remedies by demonstrating "that

administrative remedies were available and unused."  Albino v. Baca, 697 F.3d at 1035; Williams v.

Paramo, 2015 WL 74144 at *7.  Given that Defendants, as the moving party, have the initial and

ultimate burden of proving exhaustion of the administrative remedies, pointing the blame on Plaintiff

for failure to engage in conduct for which he was not legally required does not serve to meet their

burden of proof.

Although Defendants attempt to dismiss Plaintiff's evidence as limited to his self-serving

declaration, contrary to such assertion, Plaintiff has submitted evidence along with his declarations to

support his claim.  Moreover, to the extent Plaintiff's arguments are based on his declaration, such

declaration has evidentiary value to the extent that it is based on his personal knowledge and sets froth

facts admissible in evidence and to which he is competent to testify.  See McElyea v. Babbitt, 833

F.2d 196, 197-198 (9th Cir. 1987) (per curiam); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir.

1985).

Viewing the evidence in the light most favorable to Plaintiff and applying the burden-shift test

applicable to all motions for summary judgment including exhaustion, Defendants have not met their

ultimate burden of proof in determining that no genuine issue of material fact exists as to whether

Plaintiff failed to exhaust the administrative remedies.  As such, there is no need for an evidentiary

hearing and Defendants Lindsey and Gonzalez's motion for summary judgment should be denied.

2.    Defendant Patel

Defendant Patel argues that Plaintiff admitted that he failed to file an inmate appeal relating to

his claim that Patel denied him adequate medical care following his back injury. Defendant cites to

Plaintiff's deposition taken July 15, 2014, in which he acknowledges that he did not recall filing a 602

grievance against Defendant Patel.  (ECF No. 50, Mot. Ex. A, at 70:10-25, 71:1-25.)

11

Defendant Patel has met his initial burden of demonstrating that no genuine issue of material fact exists as to whether he exhausted the administrative remedies against him.  The burden now shifts to Plaintiff.  In his opposition, Plaintiff contends that he was not required to file a grievance against Defendant Patel because his claim was inherent and included in his appeal regarding the September 10, 2008, incident.

Plaintiff's argument is not meritorious.  An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and "the prisoner need only provide the level of detail required by the prison's regulations."  Sapp, 623 F.3d at 824.  The relevant issue here, as Plaintiff argues, is whether that inmate appeal regarding the incident on September 10, 2008, was also sufficient to exhaust the administrative remedies as to Plaintiff's claim against Defendant Patel regarding denial of adequate medical treatment.   This finding requires a determination as to whether Plaintiff's grievance "provide[d] enough information … to allow prison officials to take appropriate responsive measures."  Johnson v. Testman, 380 F.3d 691, 697 (3d Cir. 2004).  Such a dispute regarding the legal significance of undisputed facts is a question of law suitable for disposition on summary judgment.  See Washington. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011).

The Court finds, contrary to Plaintiff's claim, that Plaintiff's appeal regarding the incident which occurred on September 10, 2008 did not suffice to exhaust his medical claim against Defendant Patel because the appeal did not place prison officials on notice that he was being denied proper medical treatment/medication following his injury on September 10, 2008.  § 3084.2(a); Sapp, 623 F.3d at 824.  Although Plaintiff mentions being injured during a fall in the kitchen on September 10, 2008, Plaintiff never makes reference to the fact that he was not provided proper medical treatment following the incident.  Under the prison regulations, which required only a description of the problem and constituted a "low floor," Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009), Plaintiff's appeal would not have sufficed to alert prison officials to the nature of the wrong for which redress is now sought, Sapp, 623 F.3d at 824 (quotation marks omitted); accord Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012).

Furthermore, Plaintiff's claim that he submitted a subsequent appeal, Log Number KVSP-0-09-00100, dated December 2, 2008, which served to exhaust his claim against Defendant Patel in this action, Plaintiff's argument is without merit.  In Appeal, Log Number KVSP-0-09-00100, Plaintiff contended that Doctor Patel retaliated against him by issuing a chrono which rendered Plaintiff unable to work and Plaintiff requested be re-assigned to the same work assignment from which he was previously unassigned.  (ECF No. 65, Lodged Exhibits, Ex. vii, attached Ex. B.)   In this action, Plaintiff did not assert and is not proceeding on a claim of retaliation against Defendant Patel (ECF No. 24, Order at 23-24.), and this appeal does not contend that Defendant Doctor Patel had failed to provide adequate pain medication or medical treatment-the claim for which Plaintiff is proceeding on against Defendant Patel.

Even viewing the grievance in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiff's grievance gave notice of and exhausted the claim against Defendant Patel for deliberate indifference to a serious medical need, and Appeal Log Number KVSP-0-09-00100 did not grieve the medical claim against Defendant Patel.  Accordingly, the Court finds that Plaintiff did not exhaust his Eighth Amendment medical claim against Defendant Patel and he is entitled to summary judgment. Fed. R. Civ. P. 56; Albino, 747 F.3d at 1166.

### III.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that

1.      Defendant Lindsey and Gonzalez's motion for summary judgment be DENIED; and

2.      Defendant Patel's motion for summary judgment be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **February 5, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

14