UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>        Plaintiff,<br><br>    v.<br><br>R. LINDSEY, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-01402-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 83] |

Plaintiff Alvaro Quezada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 11, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 83.) Plaintiff contends that to assist him in conducting further discovery as to the merits of his claims.

This action is proceeding on Plaintiff's first amended complaint against Defendants Lindsey and Gonzalez for conditions of confinement in violation of the Eighth Amendment, namely, unsafe work conditions in the main kitchen due to ice on the floor from the freezers, and against Defendants Lindsey and Doran for retaliation in violation of the First Amendment.

There is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490

U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id.  (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. Indeed, Plaintiff has conducted discovery in this action, filed appropriate motion to relating to discovery, and opposed Defendants' prior motions.  (ECF Nos. 51, 52.)   While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

Based on the foregoing, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 14, 2015**

_____
UNITED STATES MAGISTRATE JUDGE