UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>        Plaintiff,<br><br>    v.<br><br>R. LINDSEY, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-01402-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY OR SUSPEND RULING ON DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 82] |

    Plaintiff Alvaro Quezada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On 11, 2015, Plaintiff filed a motion to stay or suspend Defendants' motion for summary judgment pending completion of discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Defendants filed an opposition on May 27, 2015. Plaintiff did not file a reply, and the motion is deemed submitted pursuant to Local Rule 230(*l*).

    This action is proceeding on Plaintiff's first amended complaint against Defendants R. Lindsey and P. Gonzalez for conditions of confinement in violation of the Eighth Amendment and against Defendants R. Lindsey and K.J. Doran for retaliation in violation of the First Amendment.

///

///

///

1

## I.

## DISCUSSION

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). A continuance for purposes of conducting discovery should be granted unless the non-moving party has not diligently pursued discovery of the evidence. Burlington N. Sant Fe R.R. v. Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003).

In his motion, Plaintiff seeks discovery to address the following issues: (1) implementation of a policy by Grissom and Jamie to not allow inmates to push the pallet jacks into the freezer compartments and to unload cold storage items into the freezer by hand; (2) retaliatory motive behind the actions of Defendant Duran; and (3) defense of lack of funds.

In this case, Defendants filed an answer on April 29, 2014, and on the following day, the Court issued the discovery and scheduling order which allowed the parties to conduct discovery through December 30, 2014. (ECF No. 47.) Defendants submit that during the discovery period, Plaintiff served them with four sets of Requests for Production of Documents, and also served Defendants Lindsey and Gonzalez with a total of three sets of Interrogatories, which were combined with Requests for Production of Documents. Plaintiff did not serve Defendant Doran with any written discovery, other than the Requests for Production of Documents referenced above which were served on all Defendants. (ECF No. 85, Decl. of Lawrence Bragg, ¶¶ 2, 5.)

///

///

Plaintiff is entitled to a continuance of Defendants' motion only if he can identify the actual existence of relevant information that would prevent summary judgment. In this instance, Plaintiff had eight months to conduct discovery. During this time, Plaintiff did not serve Defendants Lindsey and Gonzalez with discovery relating to their contentions, or the factual information supporting their denials and defenses, and failed to serve Defendant Duran with any written discovery, other than the Request for Production of Documents. Plaintiff fails to make the showing required under Rule 56(d). The fact that Plaintiff focused his discovery on discovering other information than that presented by Defendants in their motion for summary judgment does not justify re-opening discovery or staying Defendants' motion. Plaintiff was not diligent in seeking discovery relevant to the contentions and defenses of Defendants. See Mackey v. Pioneer Nat. Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A" movant cannot complain if it fails diligently to pursue discovery before summary judgment.") Further, Plaintiff fails to identify what specific discovery he is seeking or what particular facts are expected to be disclosed from such discovery that are essential to filing his opposition.

Furthermore, contrary to Plaintiff's contention, Defendants' motion does not raise new issues concerning a lack of available funds. In fact, Plaintiff's contention is contradicted by his own filings. In the operative first amended complaint, Plaintiff alleged that Defendant Lindsey personally informed him, prior to the incident in question, that there were no funds available to fix the freezers at that time. (ECF No. 18 at 6:9-10.) In addition, on July 15, 2014, Plaintiff testified at his deposition that he had been informed by Defendants Lindsey and Gonzalez that there were insufficient funds to fix the pallet jacks. (ECF No. 78-2 at 24:22-25:12.) Thus, Plaintiff has been aware of the issues concerning available funds to fix the freezers and pallet jacks at issue in this case since the initial filing of the action, and Plaintiff has had able opportunity to conduct discovery concerning this issue prior to the filing of Defendants' motion. Accordingly, the availability of funds issue is not new and does not provide a basis to re-open discovery or stay Defendants' motion for summary judgment.

///
///
///
///

1    Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to stay or suspend
2 ruling on Defendants' motion for summary judgment is DENIED.

4 IT IS SO ORDERED.

5 Dated:   **August 5, 2015**
6                                              UNITED STATES MAGISTRATE JUDGE