1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALVARO QUEZADA,                            No.  1:10-cv-01402-DAD-SAB

12              Plaintiff,

13        v.                                    ORDER ADOPTING RECOMMENDATION,
                                                DENYING MOTION FOR SUMMARY
14   R. LINDSEY, et al.,                         JUDGMENT IN PART AND GRANTING
                                                MOTION FOR SUMMARY JUDGMENT IN
15              Defendants.                      PART, AND REFERRING THE MATTER
                                                BACK TO THE ASSIGNED MAGISTRATE
16                                              JUDGE FOR FURTHER PROCEEDINGS

17                                              (Doc. Nos. 78, 95)

18

19        Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to

20   42 U.S.C. § 1983.  (Doc. No. 18.)  The matter was referred to the assigned magistrate judge

21   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for

22   the Eastern District of California.

23        On April 1, 2015, defendants filed a motion for summary judgment with respect to

24   plaintiff's Eighth Amendment deliberate indifference claims against defendants Lindsey and

25   Gonzalez, and plaintiff's First Amendment retaliation claim against defendants Lindsey and

26   Doran.  (Doc. No. 78.)  On February 5, 2016, the assigned magistrate judge issued findings and

27   recommendations recommending the motion for summary judgment be denied as to plaintiff's

28   Eighth Amendment claims against defendants Lindsey and Gonzalez, the denied as to First

1    Amendment claim against defendant Lindsey, and granted only as to plaintiff's First Amendment

2    claim against defendant Doran.  (Doc. No. 95.)   Defendants filed objections to the findings and

3    recommendations on March 2, 2016.  (Doc. No. 96.)  Plaintiff submitted no objections, and the

4    deadline to do so has passed.

5         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

6    *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings

7    and recommendations to be supported by the record and by proper analysis, save and except as

8    discussed below.

9         Concerning plaintiff's Eighth Amendment claims against defendants Lindsey and

10   Gonzalez, the defendants moved for summary judgment in their favor arguing that they did not

11   act with deliberate indifference because they notified the appropriate department at the prison and

12   submitted work orders to repair the dangerous situation.  (Doc. No. 78-1 at 6.)  In the meantime,

13   according to defendants, they instructed the inmates to be careful and to take certain precautions.

14   (*Id.*)  The findings and recommendations state, "without evidence of an actual work order, the

15   determination of whether Defendant Lindsey actually submitted a work order regarding the

16   leaking pipes and formation of ice in the meat freezer area is a question of fact that cannot be

17   resolved by the Court."  (Doc. No. 95 at 10.)  The undersigned disagrees.  As defendants note in

18   their objections, there is no requirement that documentary evidence be presented in support of a

19   motion for summary judgment.  Indeed, Rule 56 specifically contemplates the parties proceeding

20   by way of affidavit or declaration.  Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to

21   support or oppose a motion must be made on personal knowledge, set out facts that would be

22   admissible in evidence, and show that the affiant or declarant is competent to testify on the

23   matters stated.").  Accordingly, oral testimony from one with personal knowledge would

24   generally be admissible.[1]

25   /////

26

27   ───────────────────
     [1]  The absence of a written document that a factfinder would expect to find might go the
     credibility of a declaration.  However, credibility determinations are not to be made on summary
28   judgment.

Here, in moving for summary judgment defendants came forward with evidence in the form of a declaration by defendant Lindsey stating, "I received reports that leaks had developed in the main freezers at KVSP, and that ice had formed inside the freezer boxes, and responded by submitting a Work Order to the Plant Operations Department at KVSP, requesting that their personnel address the leaks." (Doc. No. 78-2 at 41–42.) Defendant Lindsey's declaration was signed under penalty of perjury and is dated, and therefore is admissible as evidence on summary judgment. *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1052 (D. Ore. 2010); *United States v. Malinowski, et al.*, No 2:11-cv-1187-JAM-JFM, 2012 WL 4866321, at *2 (E.D. Cal. Oct. 12, 2012) ("Under Federal Rule of Civil Procedure 56, a motion for summary judgment can be supported with affidavits, admissible evidence, and declarations. An attorney declaration is a proper vehicle for submitting admissible evidence.").[2] Of course, a court may not simply disregard admissible evidence on summary judgment. *See Nigro v. Sears, Roebuck and Co., 784 F.3d 495, 497 (9th Cir. 2015)* ("Although the source of the evidence may have some bearing on its credibility and on the weight it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature."); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999) (district court could not disregard evidence simply because no reasonable jury would believe it); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Nor does the judge [on summary judgment] make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions").

The findings and recommendations also state that plaintiff "submits that he cannot dispute this fact because there is no record of any work order having ever been submitted by Defendant Lindsey." (Doc. No. 95, at 9–10.) Indeed, plaintiff does assert the defendants "never took such measures." (Doc. No. 88 at 29.) However, plaintiff presents no evidence to support this

---

[2] On the other hand, a self-serving declaration that states only conclusions and not facts that would be admissible evidence may be disregarded by the court on summary judgment. Nigro v. Sears, Roebuck and Co., 784 F.3d 495, 497 (9th Cir. 2015) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n. 5, 1061 (9th Cir.2002) (holding that the district court properly disregarded the declaration that included facts beyond the declarant's personal knowledge and did not indicate how she knew the facts to be true). But, such is not the case here.

1   contention.  If plaintiff presents no admissible evidence with which to dispute a fact, the court

2   should generally treat it as having been established.  *See Richards v. Nielsen Freight Lines*, 602 F.

3   Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

4            Further, the documentary evidence submitted by plaintiff suggest that work orders had, in

5   fact, been submitted concerning the ice in the freezer.  Plaintiff submitted his verified first

6   amended complaint in support of his opposition for summary judgment, in which he alleges that

7   prior to being assigned to work loading and unloading shipments in the kitchen, he was a clerk for

8   the kitchen.  (Doc. No. 88 at 51–52.)  In this capacity, plaintiff observed several previously filed

9   work orders which noted the "long standing deficiencies" in the kitchen, including the ice on the

10  floor of the freezers.  (Doc. No. 88 at 52.)  While plaintiff's verified complaint is unclear about

11  who submitted these work orders, the allegations of the complaint do suggest plaintiff knew

12  defendant Lindsey was aware of these work order requests being submitted.  (Doc. No. 88 at 51–

13  52.)  The documents submitted with plaintiff's opposition to the pending motion also include an

14  affidavit in which plaintiff declares that he was a clerk for about seven months prior to being

15  transferred approximately one month before the accident, and saw that "[m]any work orders were

16  submitted regarding the 'Main Kitchen Freezers' regarding loose metal inside the freezers, and

17  also the ice all on the floors of the freezers."  (Doc. No. 88 at 76.)

18           The real question concerning Eighth Amendment liability here, therefore, is not whether

19  defendants submitted work orders.  While whether Lindsey personally submitted the work orders

20  is unclear, there appears to be no dispute that work orders about this problem were submitted and

21  that Lindsey was aware of their submission.  The material issue is whether the submission of

22  work orders and the cautionary instructions given to plaintiff and other inmates were a

23  reasonable, albeit unsuccessful, response to the risk.  *Farmer v. Brennan*, 511 U.S. 825, 844–45

24  (1994).  Defendants believe they were; plaintiff asserts they were not.

25           Where the facts are undisputed, generally the question of reasonableness is a question for

26  the court to resolve as a matter of law only if a rational jury could reach only one answer.  *See*

27  *Gorman v. Wolpoff & Abramson, 584 F.3d 1147, 1157 (9th Cir. 2009); In re Software Toolworks*

28  *Inc., 50 F.3d 615, 621 (9th Cir. 1994)* ("[S]ummary judgment is generally an inappropriate way

4

1    to decide questions of reasonableness because 'the jury's unique competence in applying the

2    'reasonable man' standard is thought ordinarily to preclude summary judgment.' " *(quoting TSC*

3    *Indus. v. Northway, Inc., 426 U.S. 438, 450 n. 12 (1976); Act Up!/Portland v. Bagley*, 988 F.2d

4    868, 872–73 (9th Cir. 1993); *see also Act Up!*, 988 F.2d at 877–78 (dissent).  Here, given the

5    evidence presented on summary judgment, a jury could reasonably reach either answer.

6    Therefore, finding the defendants' response to the problem reasonable or unreasonable is a

7    decision for the trier of fact under these circumstances.  The undersigned therefore adopts the

8    ultimate recommendation, albeit not the analysis of the findings and recommendations with

9    respect to this claim.  The undersigned also adopts both the findings and recommendations

10   concerning the Eighth Amendment claim against defendant Gonzalez.  The motion for summary

11   judgment on the Eighth Amendment claims against defendants Lindsey and Gonzalez is denied.

12          Concerning the First Amendment retaliation claim against defendant Lindsey, defendants

13   again assert defendant Lindsey's declaration may not be discredited merely because it is

14   unsupported by documentary evidence.  While that is certainly true for the reasons discussed

15   above, on this issue the findings and recommendations do note the existence of conflicting

16   testimony:  while defendant Lindsey states the policy change was not done for retaliatory

17   purposes, plaintiff insists that it was.  Evidence has been presented on summary judgment that

18   supports both positions.  Defendant Lindsey states in his declaration that the decision not to allow

19   inmates to use pallet jacks in the freezers was the result of the jacks damaging the interior walls

20   of the freezer, and that the policy was instituted by Associate Warden R. Grissom and Plant

21   Manager G. Jaime.  (Doc. No. 78-2 at 42.)  Plaintiff contends it was done to punish him, as

22   evidenced by declarations from other witnesses who noted the policy was instituted following

23   plaintiff's filing of an inmate grievance, and never enforced after plaintiff was removed from his

24   position in the kitchen.  (*See* Doc. No. 88 at 126.)  Plaintiff's declaration also provides evidence

25   that the timing of the allegedly retaliatory policy's implementation suggests it was punitive in

26   nature.  (Doc. No. 88 at 7.)  This evidence on summary judgment is sufficient to require the trier

27   of fact to weigh the credibility of the witnesses and determine whom to believe.  Accordingly, the

28   /////

1   undersigned adopts the findings and recommendations of the assigned magistrate judge on this

2   issue.

3   　　　Neither party has objected to the recommendation that summary judgment be granted in

4   favor of defendant Doran.  The undersigned therefore adopts the remainder of the findings and

5   recommendations filed by the magistrate judge.  (Doc. No. 95.)

6   　　　Given the foregoing:

7   　　　1.  The findings and recommendations (Doc. No. 95) are adopted, save and except as

8   discussed above;

9   　　　2.  The motion for summary judgment (Doc. No. 78) is denied as to the Eighth

10  Amendment deliberate indifference claims against defendants Lindsey and Gonzalez, denied as to

11  the First Amendment retaliation claim against defendant Lindsey, and granted as to the First

12  Amendment retaliation claim against Doran; and

13  　　　3.  This matter is referred back to the magistrate judge for further proceedings.

14  IT IS SO ORDERED.

15  Dated:   **March 30, 2016**　　　　　　　　　　　　　　　　　　　　

16  　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

6