Case 1:10-cv-01402-DAD-SAB   Document 100   Filed 08/01/16   Page 1 of 3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. LINDSEY, et al.,<br><br>　　　　　Defendants. | No. 1:10-cv-01402-DAD-SAB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 98) |

On April 27, 2016, defendants filed a motion for reconsideration of the undersigned's order adopting the findings and recommendations which recommended the denial of defendants' motion for summary judgment as to defendants Lindsey and Gonzalez and the granting of that motion as to defendant Doran. (*See* Doc. Nos. 97–98.) The motion seeks reconsideration of the magistrate judge's recommendation that defendants Lindsey and Gonzalez were not entitled to summary judgment in their favor on qualified immunity grounds. (Doc. No. 98.) Though the undersigned disagreed in part with the magistrate judge's reasoning in part the undersigned adopted the magistrate judge's qualified immunity analysis in full. (*See* Doc. No. 97.)

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration, however, "should not be granted, . . . unless the district

1

1    court is presented with newly discovered evidence, committed clear error, or if there is an
2    intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665
3    (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).
4    Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests
5    of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229
6    F.3d 877, 890 (9th Cir. 2000) (citations omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*,
7    882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex
8    litigation such as this requires the finality of orders be reasonably certain.").

9         Here, the defendants do not suggest there is newly-discovered evidence or an intervening
10   change in the controlling law.  Rather, they argue the court committed "clear error" because it
11   found the constitutional right at issue to be "clearly established" at the time of the defendants'
12   alleged conduct.  (Doc. No. 98.)  Defendants believe there is clear error here because one of the
13   cases cited by the magistrate judge as establishing that the right in question was clearly
14   established, *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006), is factually
15   distinguishable, according to defendants, "because [in *Morgan*] the prison official took no steps to
16   address the printing press and had no reasonable basis to believe that the risk of inmate injury had
17   been addressed."  (Doc. No. 98 at 7–8.)  Defendants' argument in support of their motion for
18   reconsideration is unpersuasive.

19        In *Morgan*, the prison official warned plaintiff to "just be very careful," but to continue
20   working in the dangerous condition.  465 F.3d at 1044.  In the instant case, the defendants
21   purportedly told inmates to keep working, but "to take appropriate precautions until the Plant
22   Operations could address the issue, including being watchful of ice, breaking up the ice
23   formations, and holding onto the handles of the pallet jacks in the event of a fall on the ice."
24   (Doc. No. 98 at 6.)  These are essentially the same warning: that the respective plaintiffs should
25   try to be careful, despite the presence of a dangerous condition.  The court is not convinced it
26   committed a clear error by concluding that the situation here and that confronted by the Ninth
27   Circuit in *Morgan* were factually indistinguishable.
28   /////

1  For the reasons set forth above, defendants' motion for reconsideration (Doc. No. 98) is
2  denied.
3  IT IS SO ORDERED.
4  Dated: **August 1, 2016**  _____
5  UNITED STATES DISTRICT JUDGE