UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. LINDSEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01402-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 99] |

　　　Plaintiff Alvaro Quezada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for reconsideration of the denial of his prior request for appointment of counsel, filed July 28, 2016.

　　　This action is proceeding against Defendants Lindsey and Gonzalez for deliberate indifference to a substantial risk of serious harm in violation of the Eighth Amendment and against Defendant Lindsey for retaliation in violation of the First Amendment.

　　　On May 14, 2015, the Court denied Plaintiff's motion seeking appointment of counsel, without prejudice.

　　　Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 711 F.2d 456, 460 (9th Cir. 1983); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to

induce the court to reverse a prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential."  Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

Plaintiff seeks reconsideration of the Court's May 11, 2015, order denying him appointment of counsel.  Plaintiff contends that he has reached out to defense counsel in an attempt to engage in settlement negotiations, but his efforts were not successful due to the filing of dispositive motions.  On March 30, 2016, Defendants' motion for summary judgment was granted in part and denied in part, and Defendants' subsequent motion for reconsideration was denied.  (ECF Nos. 97, 100.)  Plaintiff

asserts "that the case has come to a 'Cross Road' where it either settles or it goes to trial." (ECF No. 99, Mot. at 3:11-13.)

On August 26, 2016, the Court issued an order setting this case for a settlement conference on November 3, 2016, at 9:00 a.m., before United States magistrate Judge Craig M. Kellison.  Plaintiff is advised that if this case does not settle at the settlement conference, the case will be set for trial. Plaintiff is further advised that he is free to seek the voluntary assistance of counsel, but Plaintiff has failed to set forth extraordinary circumstances to justify appointment of counsel by the court, at this time.  Plaintiff is not entitled to counsel merely because this case may proceed to trial.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, Plaintiff's motion for reconsideration of the Court's May 11, 2015, order denying his appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **August 29, 2016**

UNITED STATES MAGISTRATE JUDGE